CASE 44—PROCEEDINGS BY THE COMMONWEALTH TO DISBAR CHARLES
G. RICHIE AS AN ATTORNEY AT LAW.—DEC. 17.

# Commonwealth v. Richie.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT DISMISSING PROCEEDINGS FOR WANT OF JURISDICTION AND
COMMONWEALTH APPEALS. REVERSED.

ATTORNEYS—DISBARMENT PROCEEDINGS—JURISDICTION.

Held: 1. Const., section 137, constitutes each county having a cer-
tain population a judicial district, with several judges, requires
each of the judges to hold a separate court, except when a gen-
eral term may be held, and provides that criminal causes shall
be under the exclusive jurisdiction of some one branch of the
court, and all other litigation shall be distributed as equally as
may be between the other branches thereof. HELD that, as a
proceeding to disbar an attorney is not a criminal case, and so
not within the exclusive jurisdiction of the criminal branch, the
chancery branch has jurisdiction thereof.

C. J. PRATT, J. M. HUFFAKER AND PIRTLE & TRABUE, FOR
APPELLANT.

POINTS AND AUTHORITIES.

1. There are two classes of disbarment proceedings in Ken-
tucky: (a) Proceedings contemplated by section 104 of the Ken-
tucky Statutes, and (b) That class based upon the ancient com-
mon law right of the court to protect itself against persons un-
fit to practice before it. Wilson v. Popham, 91 Ky., 330; Bar
Association v. Greenhood, (Mass.) 46 N. E. R., 574, S. C. 168,
Mass., 183; In re Bowman, 7 Mo. Ap., 569; Delano's Case, 42
Am. Rep., 555; In re Mills, 1 Mich., 392; State v. Harbin, 29
Mo., 270.

2. The right to disbar is possessed by any court authorized to
grant licenses, admitting to the profession. Even an appel-
late court may have original jurisdiction. In re Woolley, 11
Bush, 95; Baker v. Commonwealth, 10 Bush, 592; People v.
Green, 7 Col., 244; In re Whitehead, 38 Chan. Div., 614.

3. A formal or technical description of the act complained of,
is not requisite, and it is not a criminal proceeding. Baker
v. Commonwealth, 10 Bush, 592; Turner v. Commonwealth, 2

Commonwealth v. Richie.

Met., 629; Rice v. Commonwealth, 18 B. Mon., 482; In re O., 42 N. W. Rep., 221; In re Whitehead, L. R., 38 Chan Div., 614; People v. Green, 7 Col., 237; Bar Association v. Greenhood, (Mass.) 46 N. E. Rep., 574; Flanders v. Keefe, 108 Wis., 441; State v. Clark, 46 Iowa, 168; State v. Cardwell, 16 Mont., 119; In re Treadwell, Cal., 7 Pac., 724; In re Randall, (N. Y.) 52 N. E., 1107; S. C., 158 N. Y., 216; State v. Winton, (Ore.) 5 Pac., 337; In re Evans, Utah 62, Pac., 919; *Ex parte* Wall, 107, U. S., 265; U. S. v. Costen, 38 Fed., 24; In re Wood, 13 Fed., 814; State v. Burr, 28 N. W., 262; In re Serfass, and note, 9 Atlantic, 674; vol 6 Ency. Pleading & Practice, 709; In re Bowman, 7 Mo. Ap., 569; Randall v. Bingham, 7 Wallace, citing with approval; In re Randall, 11 Allen, Mass., 473, 11 Ore., 456; 36 N. Y., 651, 86 Fed., 321.

4. No constitutional requirements effect this proceeding, and loss of moral character is sufficient. 107 U. S., 265; In re Wood, 13 Fed. Rep., 814; 1st Yng. Tenn., 230; 8 Col., 333; 93 Pa. St., 116; 71 Me., 289.

5. Each judge of the Jefferson circuit court has all the powers of a circuit judge (Kentucky Statutes, sec. 1022); having the power to admit to the practice of law, he has also the power to revoke the license of the practicing attorney. Baker v. Commonwealth, 10 Bush, and supra.

6. A proceeding to disbar is neither an action nor a special proceeding within the meaning of the code. It is *sui generis.* 7 Mo. Ap., 569.

## ADDITIONAL POINTS BY APPELLANT.

1. Counsel for Charles G. Richie makes the point that if this proceeding is not criminal it ought to have been filed in the clerk's office and allotted to one of the civil branches. This position grows out of a misconception of section 1 of the Civil Code which provides as follows: "Civil cases are actions or special proceedings." This is neither an action nor a special proceeding within the meaning of the code. It is *sui generis.* Its sole purpose is to bring to the attention of the court certain alleged acts of professional misconduct committed by an officer of the court in order that the court itself may be informed. The nature of a proceeding to disbar being conceded, this point, it seems to us, falls to the ground.

2. Counsel makes the further point that the relator here is a bar association. This is not a fact. The affidavit upon which the information is based is made by five individuals who state that the facts set out in the affidavit were admitted to them by Richie. The only purpose of the affidavit is to base the informa-

Commonwealth v. Richie.

tion upon it.    The rule to show cause issues upon the filing
of the information.

KOHN, BAIRD & SPINDLE, FOR APPELLEE.

This is an appeal by the Commonwealth from an order of the
Jefferson circuit court, chancery division, refusing to allow af-
fidavits to be filed or to take jurisdiction of this proceeding.

We objected to the filing of the affidavits and to the granting
of the rule upon the following grounds:

1. That the proceedings to disbar an attorney for failure to
pay over money collected, or a series of such acts, if allow-
able under the law of this State, is, in its nature and essence a
*criminal* proceeding and within the jurisdiction of the criminal
branch of said court.

2. That the charges containing the information being all rel-
ative to the collection of money by Richie and failing to pay it
over until demand was made by attorneys, and then settling the
same, are punishable only in this State by virtue of the pro-
visions of section 104 of the Kentucky Statutes and do not au-
thorize a rule for permanent disbarment that the statute is ex-
clusive in cases of this character, and that all of the general al-
legations of the information and affidavit can be and should be,
by a reasonable interpretation, construed to refer to a single
series of acts consisting of the collection and non-payment of
money, and therefore, do not come within the general category
of cases in which the court can protect itself against the dis-
honesty or misconduct of its officers, the members of the bar.

3. That the information being based upon a failure to ac-
count for money, due and received, can not be based upon the
information and belief of members of the bar association, who
have no knowledge of the facts, but must be based upon an
affidavit of the person knowing the facts.

### CITATIONS.

Constitution of Ky., sec. 137; Acts 1892, p. 139; Thomas v.
State, &c., 58 Ala.; In re Hamilton Ballus, 28 Mich., 507; 1
Hun., 321; State v. Tunstall, 51 Texas, 81; Rice v. Com., 18
Ben Monroe, 482; Turner v. Com., 2 Met., 619; Walker v.
Com., 8 Bush; Baker v. Com., 10 Bush, 592; Wilson v. Pop-
ham, 91 Ky., 329; Sec. 104, Kentucky Statutes; People, *ex rel.*
v.   Noyes, &c., 16 Ill., 151; *Ex parte* Brown, 2 Col., 553; *Ex
parte* Smith, 28 Ind., 47; In re Eaton, 62 N. W. R., 697; Kane
v. Haywood, 66 N. C.; In re Hudson, 36 Pac. Rep., 812; In
re Sayre, 36 Pac., 813; People v. Lambron, 1 Scammons (Ill.)
123.

Commonwealth v. Richie.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

This proceeding is to revoke the license of appellee, Charles G. Richie, as an attorney, and to disbar him from further practicing such profession. The attorney for the Commonwealth in the Thirtieth judicial district, comprising Jefferson county, filed an information based upon an affidavit, and also the affidavit, in the chancery branch, first division, of the Jefferson circuit court, and asked that a rule issue against appellee to show cause why his license should not be revoked. Objection was made to the order for rule on the ground that that branch of the court was without jurisdiction in the matter, and could make no order therein. Upon this objection being heard, the court refused to award the rule, or to take jurisdiction in the matter at all, and dismissed same for want of jurisdiction. The Commonwealth appeals.

Section 137 of the present Constitution, so far as applicable herein, provides: "Each of the judges in such district shall hold a separate court, except when a general term may be held for the purpose of making rules, or as may be required by law. . . . Criminal causes shall be under the exclusive jurisdiction of some one branch of said court, and all other litigation in said district of which the circuit court may have jurisdiction, shall be distributed as equally as may be between the other branches thereof, in accordance with the rules of the court made in general term, or as may be prescribed by law." It is contended by counsel for appellee that this proceeding is a criminal cause, and that it is within the exclusive jurisdiction of the criminal branch of the Jefferson circuit court. The charge in the affidavit and information is not under the statute for failing to pay over money collected, while that is a

Vol. 114—24

part of the alleged misconduct of appellee, but the charge is under the common law, that appellee, by reason of acts therein charged to have been committed, was no longer such character of person as was entitled to hold the office of attorney at law. If guilty of the charge as stated in the affidavit and information, the punishment prescribed by statute, of suspension for one year, and until the money was paid, would not apply, but the court would be authorized to revoke the license entirely, and to disbar the attorney from practice entirely. The question is, then, presented as to whether the criminal division of the Jefferson circuit court alone has jurisdiction to try a person on proceeding to disbar him from practice. The question as to whether a proceeding of this character is civil or criminal is not one about which the courts have agreed. There is eminent authority to sustain both sides of the question. The direct question has not been decided by this court. In Baker v. Com., 10 Bush, 592, the court said the proceeding is more in the nature of a criminal than civil proceeding. That is as far as we have gone. This is true of contempt proceedings, yet it must be conceded by all that every court has inherent power and jurisdiction to protect itself by punishing contempt shown it. We are of opinion that any branch of the Jefferson circuit court has jurisdiction to try and determine a proceeding to revoke the license of an attorney, just as it has to punish contempt. If the proceeding was a criminal cause, as meant by the constitutional provision, supra, the accused could claim a trial by jury, which has never been the rule in this character of case. It seems to be conceded that, if an attorney was to commit some crime,—as to destroy or mutilate a writing used as evidence, in the presence of the court, and in the progress of the trial,—the court would have the right and power to

make an order revoking his license and disbarring him from practicing further in that court, as well as all others. If the court other than the criminal division has power and jurisdiction to disbar at all for any cause, the exclusive jurisdiction would not be in the criminal division. Every court must, of necessity, have the power to protect itself in the administration of justice by preventing dishonest and corrupt persons from appearing as counsel in the trial of cases before it. It would not comport with reason to say that it was ever intended that either branch of the circuit court could grant license, and that then the whole question was turned over to the criminal division as to how long a person could enjoy the benefits and privileges thereby given, and, when any division might be outraged by the misconduct of an attorney, such division or court would be required to go before the criminal division for redress. This court has jurisdiction by statute and the Constitution appellate in its nature only. Supervisory over the subordinate courts, yet we think it would not be questioned that for misconduct in this court, and in our presence at least, we would be without jurisdiction to disbar the offending attorney. An attorney is an officer of the court, created by the court, and is always subject to the rule requiring honesty and good demeanor toward the court in which he practices his profession. When it appears by due process of law in such cases provided that an attorney has forfeited his right to longer be an attorney or officer of the court in the administration of justice by reason of dishonest practices, it is the duty of the court to take from such offender the right to appear as an attorney. Without referring to and quoting from the many conflicting authorities, we have reached the conclusion that the power given to the circuit courts,

regardless of the different branches or divisions, to license persons to practice as attorneys, and thereby to become officers of the court, must also include the power and authority to revoke the license granted upon proper cause being shown. It would necessarily follow that one division of the court, like the circuit court of any county, would have jurisdiction to hear and determine the charges against an attorney practicing before him, regardless of what court in the State granted the license.

For these reasons we conclude the chancery division of the Jefferson circuit court had jurisdiction of this proceeding, and should have awarded the rule to show cause. The judgment dismissing the proceeding for want of jurisdiction is therefore reversed, and cause remanded for further proceedings consistent herewith.