## Taylor v. Commonwealth.

(Decided October 4, 1921.)

### Appeal from Harlan Circuit Court.

1. Obstructing Justice—Nature of Offense.—It is an obstruction of public justice for one to hire a witness not to appear against the accused.

2. Attorney and Client—Disbarment—Grounds.—An attorney for the accused, who hires a witness not to appear against his client, is guilty of gross professional misconduct justifying his disbarment.

3. Attorney and Client—Disbarment—Grounds—Sufficiency of Evidence.—In a disbarment proceeding, evidence examined and held sufficient to sustain the charge that the attorney who represented the accused in a criminal case hired the prosecuting witness not to appear against him.

J. H. TAYLOR and W. A. BROCK for appellant.

CHAS. I. DAWSON, Attorney General, and W. T. FOWLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. H. Taylor appeals from a judgment of disbarment, and asks a reversal on the ground that one of the charges was insufficient in law and the other was not sustained by the evidence.

We deem it necessary to consider only the charge of obstructing justice. It appears that J. H. Taylor and his brother, Floyd Taylor, were partners in the practice of law. They had been employed to defend Joe Keller, who was under indictment in the Harlan circuit court

for the offense of carnally knowing a female under sixteen years of age. Shortly before the day set for the trial, Nannie Smith, the prosecuting witness, left Harlan county and went to the home of Taylor's mother in Pulaski county. After being there for a while, she left and was then taken to the poor house. J. H. Taylor's affidavit, filed for a continuance, contains the following statement:

"The affiant and defendant, J. H. Taylor, says that if the witness, Floyd Taylor, was present in court in obedience to the said subpoena he would truthfully testify on oath that he did contract and agree with one J. R. Fritz, a witness in the case, to take the witness against Joe Keller to Pulaski county, Kentucky, to the home of his mother for the purpose of finding out from the said witness through his mother and her neighbor women if the said Joe Keller was not guilty of the charge she had preferred against him and that this was his only purpose in taking the said witness to the home of his mother; and that he instructed his mother and her neighbor women to find out from the said witness if Joe Keller was not guilty, and whatever the results of the inquiry of the mother of the said Floyd Taylor and her neighbor women was, the said witness was to be returned to Harlan county, Kentucky."

J. R. Fritz testified that Taylor proposed and agreed to pay Nannie Smith the sum of $200.00 if she would leave Harlan county and not appear against Joe Keller. Of this sum, $100.00 was paid. It was the intention to take the girl to Louisville, but when Fritz and she arrived at Corbin, they were met by Taylor. Nannie Smith swears that Taylor met her on the train and took her to his mother's home. On the other hand, Taylor denied making the agreement and swears that he did not meet the witness on the train or take her to his mother's home, and that he had nothing to do with the arrangement. His father and mother and one or two other witnesses swear that it was Floyd Taylor and not J. H. Taylor who brought Nannie Smith to the Taylor home in Somerset.

It is an obstruction of public justice for one to hire a witness not to appear against the accused, Commonwealth v. Berry, 141 Ky. 477, 133 S. W. 212, and where the offender is a member of the bar, and therefore an officer of the court sworn to support the Constitution and laws of the Commonwealth, he is guilty of gross profes-

sional misconduct, for which he may be and ought to be disbarred. 2 R. C. L., sec. 183, p. 1091; In Re Eldridge 82 N. Y. 161, 37 A. R. 558; Stephens v. Hill, 10 Mees. N. W. 28. In our opinion the evidence was sufficient to prove the charge. Fritz swears that he made the agreement with J. H. Taylor, that Taylor paid the money and met him on the train and took charge of the girl. The girl swears that J. H. Taylor took her to his mother's home. Taylor's defense is that his brother, and not he, made the arrangement, and that the sole purpose of the arrangement was to enable his mother or some of the neighborhood women to inquire of the prosecuting witness as to the guilt of Joe Keller. If the matter was of such delicacy that only women could inquire of the prosecuting witness as to the guilt of the defendant, it is not perceived why it was necessary to take the girl many miles away when doubtless there could have been found in Harlan county many good women ready and willing to perform the task. It is true that several witnesses testified that appellant's brother, and not he, took the girl to his mother's home. It is immaterial which one of the brothers took her there. The positive testimony and all of the circumstances tend to show that appellant was a party to the arrangement and that the sole purpose of taking the girl away was to prevent her from testifying against his client. It follows that the judgment was proper.

Judgment affirmed.