## Davis v. Commonwealth.

(Decided February 10, 1928.)

### Appeal from Campbell Circuit Court.

1. Attorney and Client.—Filing depositions in pending divorce suit by a practicing attorney and falsely certifying them as having been taken before named notary in Ohio, when in fact they were taken in the attorney's office in Kentucky in absence of notary whose name was appended and attorney thereafter took depositions to Ohio and procured notary's certificate, held fraud on court justifying disbarment.

2. Jury.—In a disbarment proceeding, an attorney at law is not entitled to a jury trial.

JOHN D. DAVIS, pro se.

L. J. DISKIN for the Commonwealth.

Opinion of the Court by Judge Dietzman—Affirming.

From a judgment disbarring him from the practice of the law in the courts of this commonwealth, appellant appeals.

Ignoring the disputed questions of fact, we find in the record that the appellant, who has been a practicing attorney since 1916, admits that in a divorce suit pending in the Campbell circuit court wherein he was attorney for the plaintiff, he filed certain depositions, the caption and notary's certificate of which stated that the depositions had been taken before the named notary in Cincinnati, Ohio, and that the witnesses had been duly sworn by that notary before giving their testimony. Appellant further admits that these statements were false, that he had taken the depositions in his office in Newport, Ky., before his stenographer and in the absence of the notary whose name is appended to the certificate; that the witnesses gave their testimony without being sworn; and that after the depositions had been written out and signed by the witnesses, he took these depositions over to Cincinnati with a certificate which he had prepared and procured the notary to sign that certificate, which falsely stated that the depositions were taken before the notary in Cincinnati and after the witnesses had been duly sworn by him. Appellant further admits that the Campbell circuit court, relying on the verity of this notary's certificate, entered a judgment of divorce in that case.

That appellant practiced a fraud upon the court is too apparent for argument, and that he knew he was doing wrong when he did it stands out clearly in this record. Such conduct well warrants disbarment. For a member of the bar, and therefore an officer of the court, sworn to support the Constitution and laws of the commonwealth, to practice such a fraud as did the appellant here, is to render himself guilty of gross professional misconduct for which he may and ought to be disbarred. See Taylor v. Commonwealth, 192 Ky. 410, 233 S. W. 895; Baker v. Commonwealth, 10 Bush, 592; Chreste v. Commonwealth, 178 Ky. 311, 198 S. W. 929. In Rice v. Commonwealth, 18 B. Mon. 472, it was held cause for disbarment that the attorney stood by and knowingly permitted to be offered in evidence in a trial pending in the Kenton circuit court a certain writing which he had altered in

such manner as to give it an official character which it did not inherently possess.

There is no merit in appellant's contention that he was entitled to a jury trial in his disbarment proceedings. This question was before the court in Commonwealth v. Richie, 114 Ky. 366, 70 S. W. 1054, 24 Ky. Law Rep. 1218. In that case, a disbarment proceeding was instituted in the chancery branch of the Jefferson circuit court. Richie insisted that disbarment proceedings are criminal in their nature and that therefore only the criminal branch of that circuit court had jurisdiction to try him. We denied that contention and held that the chancery branch had jurisdiction to try the proceedings. Among other things, we said:

"If the proceeding was a criminal cause, . . . the accused could claim a trial by jury, which has never been the rule in this character of case."

In the Rice case, supra, we said:

"The official misconduct of an attorney at law may be inquired into in a summary manner by the court, and if guilty of such misconduct his name may be stricken from the roll of attorneys admitted to the practice of law at the bar of the court. (Bacon's Ab. vol. 1, Title Attorney, page 306.)"

These cases dispose of appellant's contention regarding his right to a jury trial.

Appellant lastly insists that the punishment of disbarment was too severe for the character of the offense he admits he committed. While the appellant's plea of age and ill health cannot fail to excite a sympathetic cord, yet it must be remembered that he knowingly perpetrated a fraud upon the court and won from it a judgment based on the court's reliance upon the verity of a notary's certificate which was in fact false and which was known by the appellant, its author, to be false. Such conduct strikes at the very foundation of the administration of justice and cannot be tolerated.

Judgment affirmed.