176 So. 310

## WALLACE v. STATE.

### 8 Div. 485.

Court of Appeals of Alabama.
June 8, 1937.

Rehearing Denied June 29, 1937.

Murphy & Pounders, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was in three counts. The first count charged that the defendant did corruptly attempt or endeavor to influence, intimidate, or impede D. C. Waddell, a witness duly subpoenaed before the grand jury of Lauderdale county, Ala. The second count charged an attempt to influence or intimidate D. C. Waddell, a witness duly summoned to appear before the September term, 1936, grand jury of Lauderdale county, Ala. The third count charged that the defendant did corruptly attempt or endeavor to influence or intimidate D. C. Waddell, a witness, etc.

There was no demurrer to either count of the indictment, and the plea was not guilty. There was no charge testing the verdict under either of the counts, and upon the evidence and the charge of the court, the jury returned a verdict of guilty, upon which judgment was rendered.

The defendant was not represented by counsel on the trial, but after conviction, counsel was employed; and a motion for a new trial was made, testing the sufficiency of the evidence to sustain the conviction.

Counts 1 and 2 charged that D. C. Waddell was a witness duly subpœnaed or summoned to appear before the grand jury of Lauderdale county, Ala. This was a material averment in the indictment and required proof. We have examined the record, and as to these two counts there was no

evidence to sustain the allegation that Waddell was a witness duly summoned or subpœnaed before the Grand Jury.

Count 3, however, presents a different question, That count charges that the defendant did corruptly attempt or endeavor to influence or intimidate D. C. Waddell, a witness, if he should appear before the grand jury and tell where he procured his liquor by threatening the said witness with prosecution for public drunkenness. This count of the indictment is demurrable, and if proper grounds of demurrers had been interposed, the court would. probably have sustained them, but the count is not void, and in the absence of demurrer, will sustain a conviction of the charge therein set forth.

This prosecution was brought under section 3472 of the Code of 1923, and is but a statement of the common law, which has always obtained in this state. It is an indictable offense, at common law and under the statute, to dissuade or prevent a witness from attending or testifying upon the trial of a cause, or before a grand jury duly constituted. The gist of the offense is the willful and corrupt attempt to interfere with and obstruct the administration of justice. Taylor v. Commonwealth, 192 Ky. 410, 233 S.W. 895; Johnson v. McMillion, 178 Ky. 707, 199 S.W. 1070, L.R.A.1918C, 244. No physical act of intervention is necessary to constitute the offense, but it may be committed by persuasion, advice, or threats. 46 Corpus Juris, 878.

It is insisted in brief of appellant's counsel, that if there was no proof of process issued and directed to Waddell, at the time the threat was made, by the defendant, that no conviction could be had under this indictment. It is stated by the general rule, and which we here adopt, that unless otherwise provided for by statute, it is immaterial that the person dissuaded by defendant had not been regularly summoned to attend as a witness, if defendant knew that such person was a material witness and under obligation to attend. Smith v. U. S. (C.C.A.) 274 F. 351; 46 Corpus Juris, 878 (26) 3.

The evidence in this case sufficiently shows that the defendant knew that Waddell was to be a witness, before the grand jury of Lauderdale county, to give testimony against him for a violation of the prohibition, law. Although Waddell had not actually been summoned, he was obligated to appear at the September term of the grand jury. With this knowledge, the defendant threatened Waddell with prosecution if Waddell should testify implicating defendant in a violation of the prohibition law.

The evidence in the case is not denied, and, as testified to, makes out a case of a violation of the section of the Code above cited. The trial judge committed no error in overruling the motion for a new trial. The judgment of the circuit court is affirmed.

Affirmed.