## In re Rosenberg

March 21, 1950.

Rehearing Denied June 23, 1950.

Merit O'Neal for petitioner.

Per Curiam—Approving board's recommendation.

This case is before us on the petitioner's motion for reinstatement in the practice of law. On October 28th, the Board of Bar Commissioners of the Kentucky State Bar Association entered the following order:

"This petition for reinstatement having been referred to a Trial Committee consisting of Mr. Marcus C. Redwine and Mr. Maxey B. Harlin, and evidence having been heard and having been submitted on the record, was heard before the full Board of Commissioners of the Kentucky State Bar Association on October 28, 1949. Separate reports were submitted by the Trial Committee. Mr. Redwine in his report recommended that the application should be approved and that Mr. Rosenberg should be reinstated. Mr. Harlin in his report recommended that the application should be disapproved and that Mr. Rosenberg should be denied reinstatement. Having considered the record and the two reports from the Trial Committee on motion duly made and seconded, the full Board thereupon made and adopted the following finding and award, viz.:

"Finding

"Petitioner is not entitled to reinstatment to the practice of law in this Commonwealth.

"Award

"The Board respectfully recommends to the Court of Appeals that the petition of H. A. I. Rosenberg for reinstatement to the practice of law in this Commonwealth should be denied."

Mr. Rosenberg is now 51 years of age. He was admitted to the practice of law in Kentucky in 1923. In

1926 he was indicted for defrauding a client. Three other indictments were returned against him in 1930 for embezzlement. Disbarment proceedings were instituted against Mr. Rosenberg in the Jefferson Circuit Court, and, in 1934, he was disbarred. That decision was affirmed by this Court. Rosenberg v. Commonwealth ex rel. Otte, 255 Ky. 413, 74 S.W.2d 478. The indictments were filed away with the consent of the Commonwealth's Attorney and Mr. Rosenberg agreed to leave the State. In 1935, he made application for reinstatement, which was denied.

In 1937, the petitioner became involved in a bankruptcy proceeding in the Federal District Court in Louisville and he was indicted on two counts. Upon a plea of guilty he was sentenced the the Federal penitentiary on each count. His sentence, however, was suspended. The charge against Mr. Rosenberg in the bankruptcy proceeding was that he was engaged to prepare a fraudulent lease. The lease was to be the basis for a claim of $6,600.00, which was admittedly false. During the War, Mr. Rosenberg served as a warrant officer in the Aleutian Islands. There is no indication that he did not serve his country well at that time.

Upon Mr. Rosenberg's return to Louisville he has directed his activities to the field of collection work, income tax matters and matters relating to the import and export trade. During recent years he has identified himself with those crusading against vice and gambling. He has received much publicity in newspapers arising out of disputes in this work. Articles in a newspaper published by him have caused him to be the subject of litigation in circuit court. While Mr. Rosenberg has identified himself with those crusading against crime, he admitted he had been a visitor at various gambling establishments and bookmakers where, on occasions, he participated in gambling.

A large number of witnesses, including some twenty-odd attorneys, testified in Mr. Rosenberg's behalf. Ministers, and others with whom he has been identified in his crusade against crime, testified as to his good character in recent years. There is much testimony to support Mr. Redwine's conclusion that Mr. Rosenberg's conduct during the past several years shows that he has reformed, and, therefore, should be given another trial

in the legal profession. On the other hand, there is ample testimony to support the conclusion of Mr. Harlin and the recommendation of the Bar Commissioners that he should not be reinstated to the practice of law.

We think the unusual circumstances involved in this case warrant Mr. Harlin's position that Mr. Rosenberg's rehabilitation can not be properly evaluated without reviewing his conduct since he was first admitted to the Bar in 1923. We are not bound by the recommendations of the Board of Bar Commissioners, but we usually follow them unless we entertain more than a doubt as to their correctness. If Mr. Rosenberg has reformed, and has become a conscientious crusader against the forces of evil, he is to be commended for his conduct; but, the question is, does his past record warrant the conclusion that he should again be permitted to enter the legal profession? Shortly after he entered the practice of law he became involved in fraudulent transactions. He then was disbarred from the practice of law. It was only a short time after his application for reinstatement was refused in 1935 that he became involved in admittedly fraudulent transactions in the Federal Court. There is some significance also to be attached to the fact that, notwithstanding Mr. Rosenberg's identification with those crusading against crime, he frequented gambling places and sometimes engaged in gambling.

Under the circumstances, we are not disposed to disturb the findings and award of the Board of Bar Commissioners. Wherefore, the Board's recommendations are approved.