## In re CARROLL.

Court of Appeals of Kentucky.
Dec. 14, 1951.

PER CURIAM.

This is a special proceeding, initiated by the Louisville Bar Association, against respondent attorney to have him disciplined for unprofessional conduct as a member of the Bar. The specific charge was the violation of Canon 41 of the Canons of Professional Ethics of the American Bar Association, which requires a lawyer to rectify discovered fraud or deception used to impose unjustly upon the court or a party. After a full hearing, the Board of Bar Commissioners found respondent guilty as charged, and recommended that he be suspended from engaging in the practice of law in the Commonwealth for a period of 90 days, and be publicly reprimanded.

The alleged unprofessional conduct took place during the hearing on a motion for temporary alimony filed by Helen Robinson in a divorce proceeding against her husband, Robert L. Robinson. Respondent represented the latter. His client was asked concerning his property, and answered that he owned no property whatsoever except an old automobile.

This answer was made in a judicial proceeding, under oath, and in the presence of respondent. At the time it was made respondent then held legal title to certain real estate, in his own name, in trust for Robinson, which had been conveyed to him just a few days before. While there is some legal question, not yet decided, as to whether or not Robinson was the equitable owner of this property, respondent held the title in trust for him; and both Robinson and respondent, for the purposes of a collateral controversy, were taking the position that Robinson was the true owner. The answer of Robinson was, therefore, false, and was known by respondent to be false.

Under any standard of proper ethical conduct an attorney should not sit by silently and permit his client to commit what may have been perjury, and which certainly would mislead the court and the opposing party on a matter vital to the issue under consideration. See In re Taylor, 300 Ky. 448, 189 S.W.2d 403.

Respondent attempts to exonerate his conduct on four grounds. He first says that the record fails to show Robinson had actual title to, or possession of, the property, or that he had received any income therefrom; and that he would have been unable to enforce the oral trust against respondent. This contention itself indicates an unusual attitude with respect to his obligations as an attorney. The argument is totally inconsistent with the position he is attempting to maintain for other purposes, i. e., that Robinson is, and was, the owner of this property, and that respondent's trustee relationship acknowledges this fact. He cannot fairly twist and turn on the question of ownership to suit the exigencies of collateral controversies.

Respondent next urges that it was his duty to observe the utmost good faith toward his client, and therefore he could not divulge any confidential information. This duty to the client of course does not extend to the point of authorizing collaboration with him in the commission of fraud.

He next contends that the question of property ownership was immaterial in the proceeding for temporary alimony because the determination of that issue rests largely on the income of the husband. However, income and property ownership are closely related, and particularly in a divorce proceeding, it is the duty of the husband to make a full disclosure. Even if we could say that the false testimony of Robinson did not affect the award, it was still a fraud upon the court and the opposing party. See Davis v. Commonwealth, 223 Ky. 90, 2 S.W.2d 1038.

Respondent finally contends that he did not violate Canon 41 because it assumes that the opposing party is ignorant of the true facts, whereas respondent claims that counsel for the other side knew that Robinson was claiming an interest in this property.

It may be true that prior to the hearing, in connection with another matter, respondent and opposing counsel had discussed the question of whether or not Robinson was actually the owner, but certainly the lawyer for Robinson's wife could not be held to have a better knowledge of the true facts than Robinson himself. Both he and the court had a right to rely upon Robinson's sworn testimony. Any proper sense of fair dealing would have impelled respondent at least to state for the record and for the court's information the fact that a controversy existed on the question of ownership.

The record convinces us that respondent's conduct was unethical and was of the type which impairs public confidence in the high moral standards of the legal profession. Respondent, as an officer of the court, violated his constant duty to maintain the integrity of our judicial system, and the punishment recommended is certainly not too severe.

Wherefore, respondent, Alfred M. Carroll, of the Jefferson County Bar, is hereby ordered suspended from the practice of law in this Commonwealth for a period of 90 days, and this opinion shall constitute a public reprimand.