**In re Jay H. TAYLOR.**

Court of Appeals of Kentucky.

Feb. 25, 1955.

Rehearing Denied June 17, 1955.

Robert J. Watson, Middlesboro, for petitioner.

PER CURIAM.

The question before us is whether or not we should sustain the recommendation of the Board of Bar Commissioners that petitioner, Jay H. Taylor, be reinstated as a member of the Kentucky Bar. It may be well at the outset to give a brief outline of Mr. Taylor's history as a lawyer.

He was admitted to the Bar on May 12, 1915, and on August 6th of that year killed a man at a political meeting, was convicted of murder and sentenced to the penitentiary for life. This court reversed that judgment in 1916 on account of errors in the instructions. Taylor v. Commonwealth, 172 Ky. 136, 188 S.W. 1087. On a second trial he was convicted of voluntary manslaughter and sentenced to the penitentiary for an indeterminate term of from five to six years. About a year later he was pardoned by the then Governor because the killing grew out of a bitter political campaign. Despite the fact the then statutes, K.S. § 97, provided no person convicted of a felony should be permitted to practice law, Taylor's name was not stricken from the roll of attorneys.

In 1921 Taylor was disbarred by the Harlan Circuit Court for obstructing justice by hiring the prosecutrix not to appear as a witness against a man he was defending for the offense of carnally knowing a girl under 16 years of age. We affirmed the judgment of disbarment. Taylor v. Commonwealth, 192 Ky. 410, 233 S.W. 895. In 1927 Taylor was reinstated although at that time his felony conviction was an irrevocable barrier to his reinstatement.

On August 18, 1943, Nellie Taylor filed suit in the Bell Circuit Court against Jay H. Taylor for divorce. He was served with summons and was present the next day, August 19th, when Nellie gave her deposition that they were married in Knoxville, Tennessee. Taylor let the record show he had no defense to Nellie's action and declined to cross-examine her. On August 30th he

took the record to the Judge in Harlan and attempted to get the divorce decree entered as of August 19th, as he had married another woman on August 25th. When the circuit clerk refused to enter the divorce judgment as of August 19th, Taylor took the record away and it was not seen again until disbarment proceedings were brought against him for perpetrating a fraud on the court. In that proceeding it was shown by Taylor's own testimony that he and Nellie were never married, although they had been living together. He thought the divorce decree would keep down suspicion and protect Nellie's reputation and good name and would assist her in obtaining "an adjustment of some sort of property right".

Mr. Taylor was disbarred for the fraud he perpetrated in the divorce case. In re Taylor, 300 Ky. 448, 189 S.W.2d 403. It is from that disbarment he now seeks reinstatement.

Mr. Taylor's application for reinstatement is in due form. The first report of the trial committee shows they carefully went through the entire record and in recommending his reinstatement they referred to written statements of petitioner's friends asking his restoration. Thinking perhaps the committee were not familiar with petitioner's record, this court called to their attention the felony conviction and two disbarments for perpetrating frauds on the courts, as is shown in our reported cases. In a supplemental report, the committee again recommended petitioner's restoration, which recommendation was accepted by the Board of Bar Commissioners with Mr. Peyton Hobson and Mr. Ben Fowler dissenting. The trial committee stated it felt bound by RCA rule 3.560, which they interpreted as limiting their investigation as to how Mr. Taylor has conducted himself since his second disbarment in 1945.

True, we wrote in In re May, Ky., 249 S.W.2d 798, that the sole question before the Bar Commissioners was whether or not Mr. May's conduct since his conviction of a felony and release from prison was such as to prove "he is now a man of good moral character and entitled to confidence." In

that opinion it was pointed out that KRS 30.100 (in effect at the time of Mr. May's conviction) prevented one convicted of a felony from practicing law. Under this former statute a felony conviction automatically disbarred an attorney, hence a disbarment proceeding against him was unnecessary. See first May case, Ky., 239 S.W.2d 95. Such person has had his day in court and on his application for reinstatement the only thing to investigate is his conduct since his felony conviction. See second May case, Ky., 249 S.W.2d 798. However, Taylor's name was never stricken from the rolls as it should have been as a result of his felony conviction. If it had been and there were no disbarment proceedings against him, then the only question before the trial committee would have been his conduct since his conviction.

Mr. Taylor has been disbarred twice for perpetrating frauds upon courts. As was said in In re Rosenberg, 313 Ky. 236, 230 S.W.2d 434, the unusual circumstances presented here require a review of Mr. Taylor's conduct since he was first admitted to the Bar in 1915, to properly evaluate his rehabilitation. While we are not bound by the recommendations of the Board of Bar Commissioners, we usually follow them unless we entertain more than a doubt as to their correctness. Admitting for the sake of argument that since his second disbarment in 1945 Mr. Taylor has led an exemplary life, the question which presently confronts us is, does his past record justify us in placing our approval upon him as now being a man of good moral character and one in whom litigants and courts are entitled to repose confidence.

We cannot say a man who twice has practiced gross frauds upon courts is worthy of public confidence and is entitled to practice law. Mr. Taylor's record shows he has no comprehension of the course of conduct required of a lawyer in upholding the respect of the legal profession.

We are not unmindful of what was written in the first Stump case, 272 Ky. 593, 114 S.W.2d 1094, and in the second May case,

Ky., 249 S.W.2d 798, that because a lawyer has transgressed once does not forever place him beyond the pale of respectability and should not permanently close the door of opportunity to him. But there we did not mean to imply that a person would be given the opportunity to again practice law after two disbarments for frauds committed upon courts. The Christian principle of forgiveness, with the admonition to go and sin no more, can itself be strained to the breaking point.

We are unable to concur with the Bar Commissioners that Mr. Taylor should be reinstated. An order will be entered denying him reinstatement as a member of the Kentucky Bar.

HOGG, J., not sitting.