**In re H. A. I. ROSENBERG, Petitioner.**

Court of Appeals of Kentucky.

Dec. 16, 1955.

H. A. I. Rosenberg, Louisville, pro se.

PER CURIAM.

On April 29, 1932, H. A. I. Rosenberg, now 57 years of age and a resident of Louisville, was disbarred by an order of the Jefferson Circuit Court. That decision was affirmed by this Court in 1934. See Rosenberg v. Commonwealth ex rel. Otte, 255 Ky. 413, 74 S.W.2d 478.

In January, 1946, an application for reinstatement to the practice of law was filed by Rosenberg. In 1949 this matter was referred to and heard by a trial committee of two members selected for this purpose from the Board of Bar Commissioners of the Kentucky State Bar Association. Three sessions were held which resulted in separate opinions with opposite recommendations. Numerous witnesses, including ministers and twenty-odd attorneys, testified on behalf of the applicant and this evidence afforded the basis for one commissioner's conclusion that rehabilitation had been sufficiently demonstrated to merit reinstatement to the practice of law, but the other commissioner, upon ample testimony, believed the contrary and outlined his opposition in his report. The Board of Bar Commissioners, upon submission of these two reports, adopted the commissioner's recommendation that was adverse to Rosenberg. This was upheld by this Court in In re Rosenberg, 313 Ky. 236, 230 S.W.2d 434.

In March, 1954, Rosenberg filed another application seeking readmission to the Bar of this state. More than three years had elapsed since his other application in this respect had been filed and denied and, therefore, under RCA 3.560 he was entitled to have this last application considered. On December 9, 1954, a hearing was held before a trial committee appointed by the Board of Bar Commissioners. The Honorable John A. Fulton represented the Louisville Bar Association and the applicant represented himself.

Seven witnesses, most of whom had been in close contact with the applicant for twenty-five years, testified that Rosenberg is now a man of good moral character and that in their opinion he had completely rehabilitated himself. Two petitions setting forth language to the same effect were filed without opposition, one signed by twenty-four lawyers and the other by forty-six persons, including many public officials. The Honorable Clark Otte, the Commonwealth's attorney of Jefferson County who prosecuted Rosenberg at the time of his disbarment, and the Honorable Scott Hamilton, the same official of that county at present, one by deposition and the other by letter, stated Rosenberg had become so reformed as to be worthy of public trust and confidence. No witness or evidence of any kind was offered against the applicant.

The trial committee, joined by the Louisville Bar Association, recommended that petitioner be reinstated to the legal profession. On July 22, 1955, by a vote of 11 to 1 the Board of Bar Commissioners approved this report.

The case of In re Stump, 272 Ky. 593, 114 S.W.2d 1094, 1097, sets forth the standard for determining a case for reinstatement. It said on this point:

"Therefore, one proven to have violated those conditions of good behavior and professional integrity annexed to the granting of the privilege of prac-

ticing law, in applying for restoration, has the burden of overcoming by persuasive evidence the former adverse judgment on his qualification. In short, if the disbarred attorney can prove after the expiration of a reasonable length of time that he appreciates the significance of his derelictions; has lived a consistent life of probity and integrity, and shows that he possesses that good character necessary to guarantee uprightness and honor in his professional dealings and the faithful discharge of his duties as a lawyer, and therefore is worthy to be restored, the court will so order."

The record discloses the diligent effort of the applicant covering several years to comply with the tests laid down in the Stump case, and it appears that justice requires that he be given a second chance. Therefore, it is ordered that the report of the Board of Bar Commissioners restoring to the applicant, H. A. I. Rosenberg, the right to practice law be and the same is hereby confirmed.