**In re James R. APPLEWHITE, Petitioner.**

Court of Appeals of Kentucky.

Dec. 10, 1965.

As Modified on Denial of Rehearing
May 6, 1966.

William Loraine Mix, Louisville, for petitioner.

George B. Ryan, Louisville, for respondent Louisville and Kentucky State Bar Association.

PER CURIAM.

The applicant, James R. Applewhite, seeks reinstatement as a practicing attorney. He was permanently disbarred in 1957. In re Applewhite, Ky., 297 S.W.2d 910.

The matter of reinstatement was heard before a trial committee of the Kentucky State Bar Association, and, on the basis of numerous findings of fact, it was recommended that the application be denied. This recommendation was confirmed by the Board of Governors of the Bar Association and we are called upon to determine the applicant's right to reinstatement.

The applicant was approximately 40 years of age when admitted to the Bar and he is now approximately 60 years of age. Extensive proof was taken, which covered a period beginning three or four years before his admission and up to the time of the hearing on the application for reinstatement. Among other things, applicant objects to the evidence of events which took place prior to his disbarment, insisting that the only question involved is whether his conduct *since that date* has shown him to be of good moral character and a fit and proper person to be entitled to public confidence. While this is generally true, we know of no rule or reason for restricting a thorough examination of the applicant's prior conduct if it materially contributes to a perspective appraisal of his subseqent conduct. This is particularly true when an attorney has been disbarred for "a scheme and pattern of conduct", both professional and private, which was the basis of appli-

cant's disbarment. See In re Rosenberg, 313 Ky. 236, 230 S.W.2d 434, and In re Taylor, Ky., 279 S.W.2d 572.

Some damaging evidence was introduced concerning alleged reprehensible professional conduct on the part of the applicant which took place while the original disbarment proceedings were pending against him. He was not charged with this particular misconduct and contends it should not be considered. However, it does throw further light on the "pattern of conduct" for which applicant was once condemned and is material upon the issue of his claimed rehabilitation.

■ The applicant did have many witnesses who testified to his good character generally. On the other hand, there was substantial evidence of incidents which reflect upon his reliability since his disbarment. They show indifference toward financial and other obligations. Also significant is applicant's attitude. He took the position that none of the original charges which resulted in his disbarment were true, that he had never been guilty of misconduct, and that therefore his subsequent conduct should be appraised as though there had been no previous adverse finding against him. This attitude is rather convincing evidence the applicant does not appreciate that a higher character of conduct is required of a disbarred attorney than of an original applicant. It indicates he fails to accept the fact of his conviction of dereliction. It also indicates he recognizes no reason to change the "pattern of conduct" for which he was once condemned upon overwhelming proof. See In re Stump, 272 Ky. 593, 114 S.W.2d 1094. In addition, applicant's testimony in this proceeding lacks the candor which would demonstrate his appreciation of the high standards demanded by the legal profession.

■ The burden was on the applicant to establish he had so rehabilitated himself that in spite of his past failings (which we must accept as proved against him), he had become worthy of trust and confidence and would be a credit and not a detriment to the profession of law. This burden is heavy indeed when the former reprehensible conduct consists of a number of transactions exhibiting a basic lack of professional morality. The record falls far short of persuading us that the applicant has, since his disbarment, earned the right to our seal of approval as a qualified member of the Kentucky Bar.

The recommendation of the Board of Governors is accepted and the application for reinstatement is denied.