**James R. APPLEWHITE, Movant,**

v.

**KENTUCKY STATE BAR ASSOCIATION, Respondent.**

Court of Appeals of Kentucky.

June 23, 1972.

Frank E. Haddad, Jr., Louisville, for movant.

H. H. Harned, Director, Frankfort, for respondent.

PER CURIAM.

James R. Applewhite applied to be reinstated to the practice of law in this Commonwealth. He was disbarred in 1955; that decision became final in 1957. See In re Applewhite, Ky., 297 S.W.2d 910. In 1964 he applied for reinstatement. This application was denied. In re Applewhite, Ky., 401 S.W.2d 757 (1966).

The present application for reinstatement was filed in April 1970. A trial committee of the Kentucky State Bar Association conducted an extensive evidentiary hearing in July 1971. It appears that the trial committee gave meticulous consideration to the extensive evidence which applicant produced to prove his present fitness to practice law and his exemplary conduct from the time of his disbarment to the present. The trial committee unanimously recommended that Applewhite's application be granted.

In January 1972 the Board of Governors of the Kentucky State Bar Association considered the application and the report of the trial committee. By vote of sixteen to one, the Board found that Applewhite had rehabilitated himself satisfactorily to enable him to engage in the practice of law in this Commonwealth. The Board thereupon recommended to this court that the applicant be reinstated upon payment of current dues and the costs of the proceeding.

We have carefully examined the entire record in this proceeding and have also examined the records in the cases

wherein applicant was disbarred and wherein his previous application for reinstatement was denied. In our opinion, Applewhite has conclusively demonstrated that both his personal life and his occupational pursuits have been so conducted since 1964 that he now merits reinstatement. The return to professional status of an attorney once disbarred is a matter that is not to be lightly considered. The extent of the burden of proof imposed upon such an individual is a strict one. The evidence in Applewhite's case, however, appears complete, extensive and from eminently credible sources. A total of nineteen officials of the Kentucky State Bar Association were convinced by it.

It is therefore ordered that the recommendation of the Board of Governors of the Kentucky State Bar Association be approved and that upon payment of current dues and the cost of these proceedings, the petitioner, James R. Applewhite, is hereby ordered reinstated as a member of the Kentucky State Bar.

STEINFELD, C. J., and MILLIKEN, NEIKIRK, PALMORE and REED, JJ., concur.