Homer Gene BALDRIDGE, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 95–SC–226–KB.

Supreme Court of Kentucky.

Dec. 17, 1998.

Bing I. Bush, Sr., Georgetown, for Movant.

Bruce K. Davis, Executive Director, Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for Respondent.

LAMBERT, Justice.

Movant, Homer Gene Baldridge, requests that he be reinstated to the Bar pursuant to SCR 3.520. He resigned in 1989 under terms of disbarment following his conviction of the felony offense of theft by failure to make a required disposition of property, which arose from his misappropriation of client funds. His disbarment was also based upon having paid himself excessive attorney's fees. In a unanimous decision, the Board of Governors ("Board") recommended that this Court deny movant's application for reinstatement. We agree with the decision of the Board and hereby deny movant's application for reinstatement.

Movant was admitted to the practice of law in the Commonwealth of Kentucky on April 1, 1967. On April 30, 1987, he was indicted by the Boyd County Grand Jury on one count of the felony offense of failure to make the required disposition of property. This indictment was returned after Fred Layne, personal representative for the estate of Anna Fulkerson, testified before the Grand Jury that he had discovered that a check he had signed in blank at movant's request had been made payable in the amount of $20,000 to J & E Realty, Inc., a company wholly owned by movant. The proceeds were applied to retire an arrearage in the mortgage on movant's office building. Mr. Layne believed that the funds were to be invested by movant for the benefit of the estate of Anna Fulkerson, and Mr. Layne did not authorize movant's conversion of the money for his own use. Movant was convicted of the offense charged in the indictment, and he was sentenced to serve a year in prison, probated for two years.

Movant's resignation from the bar upon terms of disbarment followed his conviction. One of the conditions of the disbarment order was the that movant not file an application for reinstatement "unless he presents satisfactory evidence that he has satisfied the financial obligations to his creditors who are identified on the attached bankruptcy schedules." One bankruptcy schedule was personal to movant, the other was from J & E Realty, Inc., his wholly owned company.

On March 13, 1995, Movant applied for reinstatement pursuant to SCR 3.520, entitled "Reinstatement in Case of Disbarment." The matter was referred to the Character and Fitness Committee ("Committee"), which must certify that all terms in the disbarment order have been met and must also certify an applicant's general character and fitness to re-enter practice. This second determination requires that the Committee find that the applicant has the qualities that are necessary in order to be invested with the public trust. Movant was afforded two hearings before the Committee. At the first hearing, there was a disagreement about the interpretation of the terms of the disbarment order. Movant's contention was that the order required him merely to "satisfy" rather than completely pay off his debts, as was the Committee's contention. On February 10, 1997, the Committee issued its report, which recommended against reinstatement because movant still had several outstanding debts, and thus had not satisfied his obligations to his creditors as required by the disbarment order.[1]

On March 13, 1997, trial commissioner Hon. David Thomas held an evidentiary hearing. In a report dated August 26, 1997, the commissioner stated that movant had "satisfied" or had been excused from paying most of his debts, but had not paid an $80,-000 debt to Pauline Davisson, who was a scheduled creditor. The commission found, however, that there was evidence indicating that movant had made an offer of repayment that had been accepted by Ms. Davisson. The trial commissioner also noted that movant was unable to admit that he engaged in the criminal conduct that led to his conviction and disbarment.

On November 14, 1997, the case was considered by the Board of Governors, which voted 15–0, with one abstention, to deny Movant's application for reinstatement as movant had not complied with the terms of the order of disbarment. Movant now requests that this Court review the Board's recommendation, contending that he has indeed complied with the terms of the order of disbarment and therefore he should be reinstated to the practice of law.

■ The order of disbarment requires, in relevant part, that movant not file an application for reinstatement "unless he presents satisfactory evidence that he has *satisfied* the financial obligations to *his* creditors who are identified on the attached bankruptcy schedules" (emphasis added). Movant claims that, when the disbarment order was presented to him for his approval, he did not understand this language to mean that he had to "pay off" all his debts. Furthermore, he claims that this language only requires him to satisfy his personal and not his corporate creditors. Nevertheless, he points out that he has agreed to satisfy one of his corporate debts: the $80,000 owed by J & E Realty to Pauline Davisson. Movant claims that he will not be able to pay this debt unless he is permitted to re-establish his law practice.

The simple fact remains that movant still has unpaid debts incurred by his pre-disbarment activities, most notably the $80,000 debt to Ms. Davisson. The compromises he has made in satisfaction of some of the other debts do not meet the terms of the disbarment order, and nothing in the record supports an inference that movant has achieved the level of financial stability that would inspire confidence in his reinstatement effort. Movant's practice of using client funds to pay his debts initially led to his disbarment, and it cannot be assumed unequivocally that such misappropriation of funds would not occur in

1. The outstanding debts enumerated in the Committee's report were 1) $32,000 owed to the Revenue Cabinet (plus penalties and interest of approximately $89,000; 2) $20,000 owed to the Wayne County Bank; 3) $75,000, not including interest, owed to Pauline H. Davidson; and 4) $4,175.25 plus costs and interest to Lawyer's Cooperative.

the future given movant's substantial debt at the current time.

This Court has a duty to regulate admission to the legal profession in order to maintain the integrity of the bar. In order to fulfill this duty, the Court must receive unambiguous evidence that an applicant for readmission poses no risk to the public. When an attorney has demonstrated from his past unethical conduct that he presents such a risk, an even higher standard of conduct is required upon re-admission than of a first-time applicant. *In re Applewhite*, Ky., 401 S.W.2d 757, 758 (1966). Full compliance with the disbarment order is required before movant's application for reinstatement will be considered, and due to movant's outstanding debts, such compliance has not been achieved.

For the foregoing reasons, the decision of the Board is affirmed and movant's request for reinstatement is denied.

All concur, except STUMBO, J., not sitting.

ENTERED: December 17, 1998.

/s/ Joseph E. Lambert
Chief Justice