## Henderson v. Commonwealth.

(Decided October·3, 1919.)

### Appeal from Ballard Circuit Court.

1. Indictment and Information—Sufficiency.—An indictment charging that accused persuaded a person and his daughter to absent themselves from the county and to remain away for at least two terms of court does not charge two offenses.

2. Obstructing Justice—Pendency of Litigation.—A person may be guilty of the common law offense of obstructing public justice during the pendency of litigation.

3. Criminal Law—Indictment and Information—Instructions.—It is not necessary that the instruction should literally follow the verbiage of the indictment.

4. Indictment and Information—Words and Phrases.—The use of the conjunction "or" instead of "and" held not objectionable under the facts of the case.

5. Criminal Law—Evidence.—It was not error for the court to permit a witness to read to the jury a receipt given by the appellant at the time he paid a sum to be released from all liability from any criminal or civil proceedings.

JOHN E. KANE for appellant.

WHEELER & HUGHES, CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

S. H. Jones was brought before a justice of the peace of Ballard county, accused of the crime condemned by section 1158, Kentucky Statutes; he waived examination and was held to the grand jury. He employed appellant, an attorney, to· defend him. Seeking to secure a dismissal of his client and prevent any civil proceedings

growing out of the matter, appellant, with the assistance · of a local physician, held two or three conferences with a man by the name of Bennett, whose daughter was involved in said prosecution, and as a result of such negotiations Bennett agreed to accept the sum of $1,000.00, in settlement of all matters, both criminal and civil. Thereafter appellant was indicted by the grand jury, was convicted of the common law offense of obstructing justice, and fined $1,000.00, and to reverse said judgment he has appealed.

It is alleged in the indictment, in substance, that appellant caused said Bennett and his daughter to leave Ballard county and to stay away from said county for at least two terms of court, so that they could not appear before the grand jury in any proceedings against Jones.

Several grounds are relied upon to reverse the judgment of the lower court; these we will discuss in their order. It is claimed the indictment is defective in that it charges appellant with more than one offense, namely, hiring and causing Bennett to leave the county and not to appear before the grand jury, and causing his daughter to do the same, it being contended that hiring and causing Bennett and his daughter to leave the county stated one offense and causing Bennett to cause his daughter to leave stated another.

The gist of the indictment was the obstruction of public justice, and this offense the appellant committed if he caused Bennett, or his daughter, to leave the county, or if in persuading or hiring Bennett to leave he also was the cause of his daughter leaving.

But one offense is charged, i. e., the obstruction of justice in causing the parties to remain out of the jurisdiction of the court. It was but a single act of accused, keeping witnesses from attendance before the grand jury; this is the thing condemned, and it does not follow that two offenses were committed because appellant persuaded both Bennett and his daughter to leave the county, or to remain away from court. The indictment is not bad for duplicity.

The point is raised that the acts alleged in the indictment constituted a contempt of court and not an obstruction of justice. This contention is based wholly on the theory that when there is an action or proceeding pending the crime is a contempt of court and not the ob-

struction of justice. Melton v. Commonwealth, 160 Ky. 642, is cited as so holding. This was a summary proceeding filed by a judge of the Jefferson circuit court, charging that a physician, in contemplation of a suit to be brought by a party to recover damages for personal injuries treated the party in a professional way for the purpose of making evidence in order to sustain the suit when brought. In the course of the opinion the court says:

"We are not disposed to concede that a judge of any court has authority to proceed in this summary way to punish persons not court officers who have not committed any offense against the judge or his court, and who have not interfered with or obstructed in any manner the processes or orders or judgments of his court, or the administration of justice there.".

The court held the proceeding could not be sustained as a contempt of court, but that in a pending suit if the physician had been guilty of the same conduct it would be a contempt of court. It will be seen from a reading of the opinion it does not mean that the converse of the proposition therein stated is true, viz., that a person could not be guilty of the crime of obstructing justice while litigation was pending, nor have we been able to find any case in which the courts have so held.

In Commonwealth v. Berry, 141 Ky. 477, appellee was indicted for obstructing public justice in persuading a witness to absent himself from the county and get himself beyond the jurisdiction of the county, and not appear before the grand jury or give evidence before said jury concerning crimes they were then and there investigating. This was a proceeding almost identical to the one at bar. The court in the latter case, referring to the case of State v. Horner, 1 Marv. 511, in which the contention was made that in order to constitute a spiriting away of a witness the party must have been summoned or recognized to appear, says:

"Nor do we think that this offense can only be committed where the witness has been legally summoned or is at the time bound by recognizance to appear. The offense is committed not against the process of the courts, but against the sole object and purpose of their existence and the reason of their being, which, as we have said before, is the ascertainment of the truth; and it is indict-

able because it is an attempt to stifle the truth and not because it is a contempt of any process of the courts.''

Chrisman v. State, 18 Neb. 107, 24 N. W. 434, is a case where the prosecuting witness, in a pending criminal proceeding was offered a sum of money to leave the county and go beyond the jurisdiction and process of the court and not appear and testify as a witness, and it was held the person so offending was guilty of the offense of attempting to corrupt a witness. To same effect is Jackson v. State, 43 Tex. 421; Scoggins v. State, 18 Tex. App. 298.

Brannon v. Commonwealth, 162 Ky. 350, 359, was a contempt proceeding, wherein a witness had been assaulted during the pendency of a criminal proceeding. In speaking of the assault the court says:

''For one to commit, as was done by the appellant in this case, an assault and battery upon the witness as a punishment for giving testimony against him in an action or criminal prosecution then pending, though in part disposed of, or as a means to intimidate him and influence his testimony expected to be given in the future trial of an action or criminal prosecution then pending, is a criminal contempt, because such conduct is as much an interference with the authority and dignity of the court, and an obstruction of justice, as would be the intimidation or bribery of a witness, or any contempt committed in the presence of the court.''

From which it will be seen that the court said the act of appellant was not only a contempt of court but the obstruction of justice.

''The 'due course of justice' in this connection (obstruction of justice) means not only the due conviction and punishment, or the due acquittal and discharge, of an accused person as justice may require, but it also means the due course of proceedings in the administration of justice. By obstructing those proceedings public justice is obstructed.'' 8 R. C. L. Crim. Law, sec. 346.

In the case of Shackelford and Cowgill v. Commonwealth, 185 Ky. 51, appellants were found guilty of the offense of obstructing justice in a criminal proceeding pending at the time of the commission of the acts complained of. To the same effect is Ruark v. Commonwealth, 150 Ky. 47, where appellant was indicted for obstructing justice, in attempting to have a witness tes-

tify falsely in a pending proceeding. These decisions are a complete answer to appellant's contention on this point.

It is complained that instruction No. 1 given by the court was erroneous in that the conjunction "or" was used instead of "and," and thus the instruction did not follow the indictment, which charged that appellant "did unlawfully, wilfully, knowingly and corruptly" hire and cause said Bennett and daughter to leave the county. The language in the instruction is "wilfully and knowingly hiring, persuading, advising or threatening," the witness or his daughter to leave the county, thus these participles were used in the alternative, and authorized the jury to find appellant guilty if the jury believed he either hired, persuaded, advised or threatened the witness to leave. "Or" is a conjunction, a connective; according to Webster a co-ordinating particle that marks an alternative. Though ordinarily disjunctive in signification the word "or" has been held equivalent in meaning to the copulative conjunction "and." For instance, in State v. Philbin, 38 La. Ann. 964, where the statute used the words "wilfully or maliciously" to qualify the act therein declared an offense, it was held that the indictment may charge the act as wilfully "and" maliciously done. See also United States v. Moore, 104 Fed. 78.

It is not necessary that the instruction should literally follow the verbiage of the indictment; at most there was but a slight difference in the phraseology. The adverbial part of the instruction, that denoting the manner in which the crime was committed, namely, "wilfully and knowingly," follows the indictment. The verbal or accusative part of the indictment is found in the verbs "hired" and "caused." Because the participial mode of expression was used in the instruction, this does not condemn it— a participle is nothing more than a verbal adjective—the difference is one of terminology merely, not of substance. Hiring, persuading, advising or threatening the witnesses to leave, means the same as hiring or causing them to do so. Causing the witnesses to absent themselves from the county and the court was the crime charged, and if appellant did so cause said witnesses to leave the county and remain from court he was guilty, whether he brought this about through hire, persuasion, advice or threats, these words being practically synonymous.

It is also claimed that since the money was not to be paid to Bennett unless the Commonwealth's attorney agreed to dimiss the matter appellant was not guilty, but whether the Commonwealth's attorney did so agree or not, and he denies that he made any such agreement, if the appellant caused the witnesses to stay away from court he was guilty.

Because the court overruled the appellant's objection to the testimony of certain witnesses it is urged that a reversal should be had. We have examined the questions and answers referred to and find nothing prejudicial in same. It is urged as error that the court permitted the witness Jones to read to the jury the receipt given by appellant at the time he paid the $1,000.00. In French v. Commonwealth, 30 R. 98, 97 S. W. 427, in speaking on this point the court said:

"It is also insisted for appellant that the court erred in permitting Mose Feltner, Felix Feltner and James Hargis to testify as to the latter's furnishing Felix Feltner $1,500.00, which Mose Feltner claims was done to provide him (Mose) means to make his defense to an indictment pending against him in the Breathitt circuit court for the murder of Jesse Fields, in return for which he was to remain away from the Clark circuit court, and not testify in the case of Abrelia Marcum against James Hargis and others. We think this evidence was competent, and that it was properly admitted.

"The transaction in question was had through a bank, appellant was a participant in and helped to effect the arrangement, and it was one of the means used to prevent Mose Feltner from testifying as a witness in the Marcum-Hargis case; therefore, it was competent."

The use of what is termed "a grand jury book" is complained of, but it does not appear to have been introduced in evidence, nor do we find that its so called use in any wise prejudiced the appellant. When some of appellant's witnesses were cross-examined by the Commonwealth, they were asked if they had not made certain statements before the grand jury, and in each instance they admitted they had.

Nor do we find anything improper in the argument on behalf of the Commonwealth.

It is said the fine of $1,000.00 is large. The purpose and existence of the courts is for the ascertainment of

the truth and the administration of justice, and this can only be done fairly and impartially when persons having knowledge of the transactions inquired of are brought before the courts for examination, without hindrance or obstruction from any one, and any person who hires or causes another to leave the jurisdiction of the court to avoid giving evidence is guilty of obstructing justice. Such practices should not be tolerated. A most effective preventive is the assessment of a substantial fine in cases of guilt. Although appellant's plea was that of not guilty, the issue was one for the jury, and the latter having, under proper instructions, found the appellant guilty we find nothing in the record authorizing a reversal of the judgment appealed from and same is accordingly affirmed.