## Commonwealth ex rel. Harris v. Porter.

(Decided Feb. 1, 1935.)

E. POE HARRIS, Commonwealth's Attorney, for appellant.

SAM SPARKS and J. B. ADAMSON for appellee.

564

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is the second appeal of this case; the first one appearing in 242 Ky. 561, 46 S. W. (2d) 1096, 1098, the opinion in which sets out the facts up to that time and our conclusions of law arising therefrom. The appellee and respondent below, James A. Porter, was a practicing attorney in Ashland, Ky., and in December, 1928, he was indicted in the United States District Court for the Eastern District of Kentucky, in which he was charged with a felony created by an act of Congress. He pleaded guilty, which was followed by a judgment of conviction, but its execution was suspended. Following the conviction and on the 27th day of September, 1930, the commonwealth, on relation of the Honorable E. Poe Harris, commonwealth's attorney for the Thirty-second judicial circuit court, district of Kentucky, filed an information in the Boyd circuit court against respondent setting out his conviction under the federal statute and praying that he be disbarred from the practice of law in the courts of this commonwealth, and which proceeding was based on section 97 of Carroll's Kentucky Statutes, as set out in Baldwin's 1933 Supplement thereto, but which was omitted from the 1930 Edition of the Statutes because the editor thereof was of the opinion that it had been repealed by sections 98a-1 to and including 98a-11 in the 1930 Edition of the Statutes and which was an enactment passed in 1918 and being chapter 131, p. 559, of the acts of that year. However, in our first opinion in this case supra, we held to the contrary, and determined that section 97, which was enacted long before the 1918 act, was not repealed by the latter, and was still in full force and effect. That section says: "No person convicted of treason or felony shall be permitted to practice [law] in any court as counsel or attorney-at-law."

At the hearing of the information, a stipulation was filed indicating that perhaps respondent was not technically guilty of the offense for which he was indicted, notwithstanding he appeared and pleaded guilty thereto. The court concluded that it was competent to investigate on a hearing of this kind the guilt or innocence of respondent, and which, of course, involved a re-investigation of the crime for which he was convicted. It furthermore held that the stipulation was

sufficient to convince the court that respondent was innocent of that crime and for which reason the proceedings were dismissed. The commonwealth appealed to this court, resulting in a reversal of the judgment in the case supra. In that opinion we expressly held, after discussing many cases, both foreign and domestic, that the judgment of conviction as long as it was in force and effect was conclusive of respondent's guilt, and that it was incompetent to go behind it to prove the contrary; our final conclusion being thus stated: "Under the facts of this case the trial court erred in going behind the record of conviction while the judgment stood unimpeached and inquiring into the question of appellee's [Porter's] guilt."

Upon the filing of the mandate in the Boyd circuit court, judgment was entered disbarring appellant pursuant to the prayer therefor of the information. Some nine months thereafter, and while the latter judgment was in full force and effect and on February 17, 1933, President Hoover granted a pardon to respondent of his federal court conviction, upon the ground that he "has been conducting himself in a law-abiding manner," which was followed by the statement that the pardon was granted "for the purpose of restoring his civil rights," but not because the President was convinced that he was innocent of the crime. However, under the facts of this case, we do not attach any importance to such statements in the pardon.

Following its obtention, respondent filed this action in the Boyd circuit court seeking a new trial of the original disbarment proceedings to be followed by a judgment setting aside the judgment therein and restoring him to his original status as a practicing attorney. Affidavits were filed as exhibits to that petition and as a part of it, in which it was claimed that new evidence had been discovered clearly showing, as respondent contended, that he was innocent of the crime for which he stood convicted and because of which he was disbarred. The alleged new evidence consisted largely of the affidavit of his attorney throughout all of the litigation, including the representation of respondent in the criminal prosecution in the federal court. The petition also set out, and filed as an exhibit therewith, the President's pardon of respondent, and upon final submission the judge of the Boyd circuit court

again determined, not only that respondent was not guilty of the federal accusation, but that the original disbarment was wrongfully entered and should be set aside, which he proceeded to do by granting the new trial, and then entered a judgment canceling the original disbarment judgment and restoring respondent to his original capacity as an attorney at law, and from that judgment the commonwealth again appeals.

Counsel for respondent strenuously argue that his pardon by the President, not only had the effect of wiping out the conviction so as to make it an effective defense to the disbarment proceeding, had it had been issued and been interposed at the first hearing thereof, but he also contends that it was and is likewise available as a ground to set aside the disbarment judgment, which the circuit court did, and to entitle his client to a full and complete restoration of his rights as an attorney as they existed before any hearing of or judgment in the disbarment proceedings, which the court also did. The only additional fact appearing in this case that was absent in the first one is the issuing of the pardon of respondent by the President, but which, as we have seen, was not done until after he had been duly and regularly disbarred.

It will be noted that no question of the effects of a pardon upon the civil rights of the convicted one are involved in this case, and therefore none of the discussion in the opinions or texts relative thereto need be referred to. The only question here is: What effect has the relied on pardon upon respondent's right to practice law after his license to do so has been take away upon the ground that he was convicted of a felony? In the case of State v. Hazzard, from the Supreme Court of the state of Washington, and reported in 139 Wash. 487, 247 P. 957, 47 A. L. R. 538, the identical question here presented was disposed of adversely to respondent's contention, but the license in that case was to enable its holder to practice medicine instead of to practice law. However, the difference in the two professions can have no effect on the legal principle involved. In that case it was held, in substance (speaking from the syllabus), that a pardon so issued after the revoking of the license, and while that order remained in full force and effect, "does not restore the right to practice, although it *purports* to restore all the

rights and privileges forfeited by the conviction." (Our italics.) In the annotations to that case in the A. L. R. volume, beginning on page 542, cases from various courts of the Union are cited and discussed, and they are of one accord that, when a license to practice a profession has been revoked by proper procedure for the purpose, upon the ground of conviction of a crime committed by the holder of a pardon issued to one after the revoking judgment, which is still in force, will not restore his right to practice his profession nor will it have any effect upon such judgment. Many of these cases involved attorneys at law and were proceedings identical with this one.

But we are not altogether dependent upon the law as so declared by the courts and commentators referred to, since the precise question was presented to us in the case of Nelson v. Commonwealth, 128 Ky. 779, 109 S. W. 337, 340, 33 Ky. Law Rep. 143, 16 L. R. A. (N. S.) 272, and in that case many others, rendered by the different courts of the Union, were discussed, and our final conclusion was thus stated: "While the effect of the pardon was to relieve him of the penal consequences of his act, it could not restore his character. It did not reinvest him with those qualities which are absolutely essential for an attorney at law to possess. It could not rehabilitate him in the trust and confidence of the court. Lawyers are officers of the court. They are agents through whom justice must be administered. They should always be worthy instruments of justice. Courts should never hesitate to disbar those who are morally unfit to act as such agents."

Under the state of the law as thus found, without a single opinion so far as we have been able to discover to the contrary, it follows that the trial court erred in rendering the judgment appealed from, and it is reversed, with directions to set it aside and to dismiss the present proceedings.