# In re Rudd.

March 22, 1949.

As Extended on Denial of Rehearing June 24, 1949.

Henry L. Rudd pro se.

A. E. Funk, Attorney General, and Squire N. Williams, Jr., Assistant Attorney General, for relator.

Order permanently disbarring respondent from the practice of law.

PER CURIAM.

Following a hearing before the trial committee of the Kentucky State Bar Association, that body found that Respondent had theretofore been convicted of a felony in the United States District Court for the Eastern District of Kentucky. In turn report of that finding was made to the Association's Board of Bar Commissioners, which upon review found the fact to be as reported, and so reported to this Court with recommendation that respondent be permanently disbarred.

In due time the Court issued a rule calling upon respondent to appear and show cause, if any, why the recommendation of the Board should not be made effective.

In a written response, respondent while admitting the conviction aforesaid, plead in bar (1) that in 1946, the then Governor of the Commonwealth had issued to him a pardon and restored him to citizenship. A document filed with the record shows that respondent was "restored to citizenship," after expiration of the term imposed in the Federal Court's judgment. (2) It was also pointed out that Sec. 30.100, KRS (1946) had been repealed by the legislature in 1948.

Respondent took the position that by virtue of the Governor's order, and the repeal of the statute, supra, it becomes the duty of the court to hold the response good, and to set aside the finding and recommendation above mentioned.

Nelson v. Commonwealth, 128 Ky. 779, 109 S. W. 337, 16 L. R. A., N. S., 272; Commonwealth ex rel. Harris v. Porter, 257 Ky. 563, 78 S. W. 2d 800, and Henderson v. Commonwealth, 185 Ky. 232, 215 S. W. 53, Underwood v. Commonwealth, Ky., 105 S. W. 151, answer both pleas of respondent adversely. It is made manifest in these cases that independently of any statute on the subject, courts have inherent power to disbar. The matter of the effect of a pardon is discussed in the Nelson and Henderson cases, the conclusion being that a pardon does not deprive the court of the right to exercise its undoubted inherent power to say, upon a sufficient showing of dishonorable or unprofessional conduct that an attorney is not befitted to engage in the practice of law.

It is the commission of crime that forfeits an attorney's privilege and license to engage in the practice of law. The conviction is a judicial determination of that fact and it is conclusive notwithstanding a pardon, the restoration of citizenship or the repeal of a statute dealing with the subject. See In re Collins, 188 Cal. 701, 206 P. 990, 32 A. L. R. 1062 and Hawker v. New York, 170 U. S. 189, 18 S. Ct. 573, 42 L. Ed. 1002.

A pardon or restoration of citizenship is an exercise of power granted specifically to that branch of government entrusted with the execution of the law. It is not an attempt on the part of that authority to transcend or interfere with the prerogatives of any other constitutional branch. U. S. Constitution, Article 2, Sec. 2; Kentucky Constitution, Sec. 77.

The repeal of a statute pertaining to the practice of law amounts to a recognition on the part of the legislative branch of government of the inherent power of the judicial branch to prescribe such rules as are necessary to qualify, regulate and govern its own officers. "All courts have, as an incident of the power to admit attorneys to their bar, the power to disbar them for such conduct as shows they are not longer worthy of confidence." Underwood v. Commonwealth, 105 S. W. 151, 32 Ky. Law Rep. 32.

Disbarment proceedings based solely upon a record of conviction can and should be distinguished from all other proceedings brought by or before the Bar Asso-

ciation. Upon conviction, an attorney has had his day in court. The matter of his guilt or innocence and his consequent fitness or unfitness to hold himself out as an attorney at law is final and cannot again be tried in disbarment proceedings.

In the instant case the respondent was convicted in 1935 but that fact was not brought to the attention of the complainant until 1945. Proceedings were instituted immediately, but due to delay in this court on the part of complainant, the case was not submitted until 1949.

After careful consideration of the entire record before us, it is our conclusion, and it is so ordered, that the response herein is insufficient, that the commissioner's report be approved, and that respondent be permanently disbarred from the practice of law in the courts of this Commonwealth.

Since it would seem to be the better rule that the date of conviction is the effective date of disbarment, Rules of Court of Appeals, rule 3.560 (3) is not so construed as to prevent the respondent in this case from now availing h'mself of all the other provisions of that rule, notwithstanding the further provisions of RCA 3.500.