## In re McCOY.

Court of Appeals of Kentucky.
April 27, 1951.

John T. McCoy, London, pro se.

PER CURIAM.

The Board of Bar Commissioners recommends the permanent disbarment of the respondent based upon a finding by the board that the respondent, on March 12, 1945, was convicted of a felony in the United States District Court for the Eastern District of Kentucky.

At the time of the conviction, KRS 30-100 was in force, providing: "No person convicted of a felony shall be permitted to practice law in any court." That statute was repealed by the 1948 General Assembly, and no similar statute now exists.

The sole question presented in this case is whether disbarment proceedings are necessary or proper in order to establish the disability to practice law of a person who was convicted of a felony during the time KRS 30.100 was in force. That question was in effect answered in the negative in the Rudd case, In re Rudd, 310 Ky. 630, 221 S.W.2d 688, and was specifically so answered in the May case, In re May, Ky., 239 S.W.2d 95. By virtue of KRS 30.100, the felony conviction operated to deprive the respondent of his right to engage in the practice of law. The repeal of the statute did not have the effect of restoring the right to practice, but left it to the courts, under their inherent powers, and in a proper proceeding, to determine under what circumstances and conditions the right to practice might be restored.

Disbarment not being a necessary or proper action upon the record presented, the recommendation for disbarment is rejected.