**In re MAY.**

Court of Appeals of Kentucky.
April 27, 1951.

Bert T. Combs, and J. W. Howard, Prestonsburg, Peyton Hobson, Pikeville, E. L. Allen, Prestonsburg, for Andrew J. May.

PER CURIAM.

The respondent was convicted of a felony, in the United States District Court for the District of Columbia, on July 25, 1947. At the time of the conviction, there was in force KRS 30.100, which provided: "No person convicted of a felony shall be permitted to practice law in any court." That statute no longer exists, having been repealed by the 1948 General Assembly.

In August 1950 disciplinary proceedings were instituted before the Kentucky State Bar Association, by a complaint charging the felony conviction. Pursuant to these proceedings the Board of Bar Commissioners made a finding that respondent "be adjudged guilty as charged in the complaint," and now recommends to this Court that respondent "be permanently disbarred" and that henceforth he "be denied the privilege of engaging in the practice of law," by reason of the fact that KRS 30.100 was in force at the time of the conviction. The recommendation was filed in this Court on April 16, 1951.

In the Rudd case, In re Rudd, 310 Ky. 630, 221 S.W.2d 688, 689, the court said:

"It is the commission of crime that forfeits an attorney's privilege and license to engage in the practice of law. The conviction is a judicial determination of that fact and it is conclusive notwithstanding a pardon, the restoration of citizenship or the repeal of a statute dealing with the subject. * * *

\* \* \* \* \* \*

" * * * Upon conviction, an attorney has had his day in court. The matter of his guilt or innocence and his consequent fitness or unfitness to hold himself out as an attorney at law is final and cannot again be tried in disbarment proceedings."

The reasoning employed in the Rudd case controls this case, with respect to the effect of a felony conviction obtained during the time KRS 30.100 was in force. The finding of the Board of Bar Commissioners, in this case, that the respondent was "guilty as charged," was meaningless, because there was no question of guilt or innocence to be tried. Actually, the proceedings taken by the Bar Association, and the recommendation for disbarment made by the Board of Bar Commissioners, can amount to no more than bringing to the attention of this Court the respondent's disability to practice law.

Whether the repeal of KRS 30.100, and the restoration of respondent's citizenship, affected the disability of respondent to practice law, is not before the Court in this proceeding. That question could arise only if the respondent should attempt to practice law, and his right be questioned, or if the respondent should initiate a proceeding to have restored to him the right that was forfeited by the conviction. The only question now before the court is whether it is necessary to recognize by a disbarment order the disability to practice law that arose out of the felony conviction by virtue of KRS 30.100.

In the Rudd case, this Court approved the report of the Board of Bar Commissioners, and ordered that the respondent be "disbarred" effective as of the date of the felony conviction. It now appears that such action was inappropriate, and unnecessary, there having been no issue to be tried in the disbarment proceedings and no occasion for a disbarment order to be entered.

The recommendation of the Board of Bar Commissioners that respondent be disbarred has no basis for recognition and therefore is rejected.

On January 25, 1951, Andrew J. May tendered to this Court his resignation as a member of the Kentucky State Bar Association. The disciplinary proceedings before the Bar Association having been disposed of, the Court now may consider the tendered resignation. Rules Court of Appeals, rule 3.050.

As hereinbefore indicated, Mr. May's disability to practice law attached as of the date of the felony conviction. Under these circumstances, it appears that his resignation may amount only to an offer to surrender the credentials evidencing his membership in the Bar Association, although perhaps it could further constitute an offer to surrender any rights, whatever they may be, he could claim by virtue of the repeal of KRS 30.100 and his restoration to citizenship. In any event, we are of the opinion that the resignation is entitled to be accepted, and it is now accepted, as a surrender of membership credentials.

COMBS, J., not sitting.