## In re MAY.

Court of Appeals of Kentucky.
June 20, 1952.

Howard & Francis, Prestonsburg, for movant.

PER CURIAM.

Andrew J. May was convicted of a felony on July 3, 1947, in the United States District Court of the District of Columbia. At the time of his conviction there was in force KRS 30.100 which provided: "No person convicted of a felony shall be permitted to practice law in any court". It was written in Re Rudd, 310 Ky. 630, 221 S.W.2d 688, that the commission of a crime forfeits an attorney's privilege to practice law and that neither his pardon, restoration of citizenship nor the repeal of KRS 30.100 will restore that right.

On January 25, 1951, May tendered his resignation as a member of the State Bar Association. We held that May's disability to practice law attached as of the date of his conviction, and that his resignation as a member of the Bar of this State constituted an offer to surrender "any rights, whatever they may be, he could claim by virtue of the repeal of KRS 30.100 and his restoration to citizenship." In re May, Ky., 239 S.W.2d 95, 96.

On December 12, 1951, Mr. May filed his petition in this court for restoration to practice law in the Commonwealth. This application was verified and stated May was sentenced to imprisonment for two years and served until September 18, 1950, when he was released on probation, and that his two-year sentence expired on December 4, 1951, and that he was restored to citizenship by the Governor of Kentucky. In support of his application Mr. May filed the affidavits of several prominent citizens of this State, among whom were the Circuit Judge and County Attorney of his home county, certifying to his good moral character since his conviction and release from prison.

The application was referred to the Commissioners of the Kentucky State Bar Association, who in due course reported to this court recommending the application be refused. The report of the Bar Commissioners recites it accepts the statements contained in the supporting affidavits that Mr. May has been a man of excellent moral character since his conviction and release from prison, and it further admits that under §§ 27 and 28 of the Constitution of Kentucky the courts have plenary power in the matters of restoration the same as they have of disbarment. In re Stump, 272 Ky. 593, 114 S.W.2d 1094, at page 1096, and authorities therein cited. In the recent case of In re McCoy, Ky., 239 S.W.2d 86, it was written that the repeal of KRS 30.100 "did not have the effect of restoring the right to practice, but left it to the courts, under their inherent powers, and in a proper proceeding, to determine under what circumstances and conditions the right to practice might be restored."

The Bar Commissioners based their refusal to reinstate Mr. May on the ground that restoration of a lawyer to citizenship after a felony conviction, or his pardon, does not restore his good character and make him fit to practice law. We readily agree it does not. But the fact that one has transgressed does not forever place him beyond the pale of respectability. Such a conception of morals is not in keeping with Christian principles. The sole question before the Bar Commissioners was whether or not Mr. May's conduct since his conviction practically five years ago, and since his release from prison almost two years ago, has been such as to prove he is now a man of good moral character and entitled to confidence. The commissioners admitted all

this, yet refused to reinstate Mr. May without holding out hope to him that he could ever be reinstated. This court in Re Stump, 272 Ky. 593, 114 S.W.2d 1094, at page 1097, said that we would not follow a rule so strict and would not close forever the door of opportunity in the face of one convicted of crime. "Even wrongdoers convicted of crime are given another chance." This Stump opinion went thoroughly into the law on the subject now before us and it is not necessary to again discuss it here. While that opinion refused to reinstate Mr. Stump, it did not close the door against him forever, and subsequently he was restored because "Mr. Stump has conducted himself with due propriety as a business man in Pikeville, and according to testimony and affidavits of a number of business and professional men of Pike County, * * * he has proved himself worthy of restoration of public confidence." In re Stump, 305 Ky. 822, 205 S.W.2d 999.

True, May's disqualification from the practice has not been anything like as long as was Stump's, but in the first Stump opinion, 272 Ky. 593, 114 S.W.2d 1094, at pages 1099–1100, it was pointed out that Stump's conduct subsequent to his disbarment aggravated his original offense. Here, it is admitted that May's conduct since his conviction and disqualification has been exemplary and he is entitled to public confidence. Therefore he is reinstated.

We do not concur with the Bar Commissioners, and an order will be entered reinstating Mr. May as a member of the Bar in good standing.

COMBS, J., not sitting.