Hardy & Logan, Louisville, for applicant.

**In re Robert Lee MEREDITH (Application For Reinstatement).**

Court of Appeals of Kentucky.

Oct. 29, 1954.

PER CURIAM.

On March 26, 1941, Robert Lee Meredith was tried and convicted in the United States District Court for the Western District of Kentucky on a charge of violating the National Conscription Act, 50 U.S.C.A. Appendix, § 301 et seq., and sentenced to federal prison for three years. He was then a member of the Kentucky State Bar and a resident of Louisville. After serving over 27 months, he was released on parole. A statute then in force, KRS 30.-100 (since repealed in 1948) provided, "No person convicted of a felony shall be permitted to practice law in any court." Consequently, Meredith was disbarred by an order of this court entered February 18, 1944.

On Nov. 29, 1949, he made application for reinstatement, on which a hearing was delayed due to the fact that he was then residing in California and it was difficult for the Trial Committee of the Kentucky State Bar Association to investigate his

conduct subsequent to his disbarment. However, a hearing was had on Jan. 12, 1952, in Louisville, at which Meredith and several of his witnesses appeared and testified and affidavits of other of his witnesses were filed. The Trial Committee after hearing the evidence recommended that Meredith not be reinstated, and he appeals.

■ Meredith is now in his middle 50's and was admitted to the Bar in 1928. The only question before the Trial Committee was whether Meredith's conduct since his release from prison and since his disbarment ten years ago has been such as to prove he is now a man of good moral character and entitled to public confidence. In re May, Ky., 249 S.W.2d 798.

The record before us shows that on Feb. 27, 1950, Mr. Samuel M. Rosenstein, then Secretary of the Kentucky State Bar Association, wrote a letter to Mr. Meredith asking, "Have you ever been arrested, incarcerated, or convicted of any felony, or misdemeanor? If so, give the nature of the crime, the date of the arrest or incarceration or conviction, and the place." Mr. Meredith replied to this letter on March 6, 1950, saying his only conviction was the one resulting in his disbarment.

But it is stipulated in the record that Meredith was arrested and fined for drunkenness on March 18, 1944; Sept. 14, 1944; Sept. 15, 1944; and arrested Dec. 24, 1948 on a charge of drunkenness and "was taken on his own bond of $100 for 30 days"; and was arrested in 1951 for drunkenness and the charge was filed away. Thus it appears Mr. Meredith was far from frank, to say the least, in his reply to Mr. Rosenstein's letter.

It is further shown in the record that in June 1951, Meredith resigned his employment at the Louisville Medical Depot "to avoid removal for falsification of application". He attempted to explain this on the ground that he did not think it necessary to list traffic violations. Furthermore, he was suspended from all civil service employment for a period of two years in May 1951 for falsifying his application. We presume there was but one falsification of his employment application and his resignation did not keep him from being removed from the service.

■■ We agree with the finding of the Trial Committee that this record indicates a lack of understanding of the course of conduct demanded of a lawyer in upholding the respect which the legal profession may enjoy in the community. This record failed to convince the Trial Committee as it does us, "of the lasting quality of Meredith's desire to rehabilitate himself, and indicates a more prolonged testing". Section 22 of the Canons of Ethics of the American Bar Association requires a lawyer to deal fairly with all facts known to him which are relevant to a matter in issue. And a certificate of good character is a prerequisite for admission to the Bar and the continuation of good character is essential to continue as a member of the profession. Underwood v. Com., 105 S.W. 151, 32 Ky.Law Rep. 32; In re Lynch, Ky., 238 S.W.2d 118. Mr. Meredith's conduct since his disbarment does not meet the high standards required by Canon 22 of the American Bar Association and by the cases just cited.

■ We do not mean to say the door of opportunity is forever shut in the face of Mr. Meredith. Should he conduct himself with propriety in the future so as to prove himself worthy of public confidence, he may again make due application for reinstatement after three years, as is provided in Rule 3.560 of this court. In re Stump, 272 Ky. 593, 114 S.W.2d 1094, 1097.

It is ordered that the report of the Board of the Kentucky State Bar Commissioners refusing to reinstate the petitioner, Robert Lee Meredith, be confirmed.