George W. RATTERMAN, Petitioner,

v.

Paul J. STAPLETON, Judge, Division No. 2, Campbell Circuit Court, Respondent.

Court of Appeals of Kentucky.

Nov. 1, 1963.

Henry J. Cook, Moebus, Cook, Kirchhoff & Neisch, Newport, for petitioner.

Howell W. Vincent, Covington, for respondent.

N. Mitchell Meade, Lexington, amicus curiae.

MONTGOMERY, Judge.

The right of a circuit court to disbar permanently an attorney from the practice of law in the several courts of the Commonwealth is involved. The matter is here on petition filed by George W. Ratterman to prohibit Paul J. Stapleton, Judge, Division No. 2, Campbell Circuit Court, from proceeding further in a disbarment action against him. It is the contention of the petitioner that the Court of Appeals possesses the sole authority to disbar an attorney from practice in the courts of this state. A temporary writ of prohibition has been granted.

The proceeding before Judge Stapleton is by information filed in which it is alleged that Ratterman, a duly licensed attorney at law residing in Campbell County, on four occasions had made false and malicious statements purportedly reflecting upon the character and integrity of Ray L. Murphy, Judge, Division No. 1, Campbell Circuit Court, and that Ratterman, as a witness in a trial presided over by Judge Murphy, had knowingly sworn falsely. The information was assigned to Judge Stapleton to be heard.

The general rule is that any court authorized to admit an attorney has inherent jurisdiction to disbar him for sufficient cause, and that such jurisdiction does not necessarily depend on any express constitutional provision or statutory enactment, and conversely a court that has no jurisdiction to admit attorneys to practice has no jurisdiction to disbar them, the juris-

diction to admit and disbar being deemed correlative. 7 C.J.S. Attorney And Client § 18b, page 730; Louisville Bar Association ex rel. Drane v. Yonts, 270 Ky. 503, 109 S. W.2d 1186; Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646.

■ The power to disbar is an incident of the power to admit. Underwood v. Commonwealth, 32 Ky.Law Rep. 32, 105 S.W. 151; In re Rudd, 310 Ky. 630, 221 S.W.2d 688. See also In re Spicer, 6 Cir., 126 F.2d 288; Wilbur v. Howard, D.C., 70 F.Supp. 930. The right to prescribe such rules as are necessary to qualify, regulate, and control attorneys as officers of the court is a right of self-preservation. Ex parte Wall, 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552.

The principle was stated in Capps v. Gore, 231 Ky. 185, 21 S.W.2d 266, and quoted in In re Sparks, 267 Ky. 93, 101 S.W.2d 194, as follows:

"The right of self-preservation is inherent in the court, and is not derived from, or dependent upon, any act of the Legislature, or any express provision of the Constitution. It inheres in the court as such, and is necessary to vindicate its authority and to maintain its integrity. In re Woolley, 11 Bush, 95."

See also Commonwealth v. Roe, 129 Ky. 650, 112 S.W. 683, 19 L.R.A.,N.S., 413; Chreste v. Commonwealth, 171 Ky. 77, 186 S.W. 919.

■ Prior to 1892, admission to the bar was by examination before a circuit judge. Later, two members of the bar assisted the circuit judge in the examination. 1902 Acts, Chapter 17, page 45 (1903 Carroll's Kentucky Statutes, Section 98); 14 Ky.Law Journal, page 38. The admission procedure was changed in 1918 so that the sole method of licensing attorneys was by the Court of Appeals after successful completion of an examination given by the Court-appointed Board of Bar Examiners. 1918 Acts, Chapter 131, page 559 (1930 Carroll's Kentucky Statutes, Section 98a–1 et seq.). The enactment of the 1918 statute impliedly repealed the 1903 statute which authorized admission by a circuit judge.

The method first authorized by the 1918 statute was continued after the passage of the so-called Integrated Bar Act in 1934. The Integrated Bar Act and subsequent similar legislation have provided that the disbarment of attorneys shall be handled by the Court of Appeals, acting through the Kentucky State Bar Association as its administrative agency. KRS 30.170. Thus, by statute, admission and disbarment were recognized as the responsibility of the Court of Appeals.

Such legislative enactments have been held to amount to recognition by the legislative branch of the government of the inherent power of the judicial branch to prescribe such rules as are necessary to qualify, regulate, and govern attorneys as its officers. In re Stump, 272 Ky. 593, 114 S.W.2d 1094; In re Rudd, 310 Ky. 630, 221 S.W.2d 688.

From time to time, the Court of Appeals has adopted rules governing admission and disbarment of attorneys. The most recent rules governing the procedure in disciplinary cases, including disbarment, were adopted by order of the Court dated June 27, 1963, pursuant to KRS 30.170. See RCA 3.160–3.600. The new rules adopted did not include former RCA 3.580, which provided:

"Nothing in these Rules shall be construed as limiting or altering the power of the Circuit and other Courts of this State to discipline members of the Bar as that power at the present exists."

■ Respondent argues that RCA 3.580 remains in effect by reason of failure to repeal it specifically, and affords the basis for the circuit court to entertain disbarment proceedings. KRS 30.170(2) provides that the rules of the Court adopted and promulgated under this section, KRS 30.170, shall supersede all laws or parts of law in con-

flict therewith to the extent of the conflict. RCA 3.580 is construed as not recognizing any authority on the part of a state court to disbar or to discipline an attorney except the inherent power of every court to discipline for contempt. Under this construction it was unnecessary to retain RCA 3.580 since it merely recognized the inherent power to punish for contempt. Assuming that the rule embraced the right to disbar, it should now be considered as having been superseded by the new rule and statute.

In summary, the circuit court originally had the right to admit attorneys to practice and also the correlative right to disbar. The Court of Appeals since 1918 has assumed and exercised the sole right to admit, with its correlative right to disbar, as a part of its inherent power. The Court of Appeals' authority operating in the light of legislative recognition has superseded any inherent power of the circuit court.

Some confusion may have arisen in the transition period. Respondent relies on Louisville Bar Association ex rel. Drane v. Yonts, 270 Ky. 503, 109 S.W.2d 1186, decided in 1937, and Harrison v. Commonwealth, 305 Ky. 379, 204 S.W.2d 221, decided in 1947, to sustain the right of the circuit court to disbar. In the Yonts case, the proceeding was in the Court of Appeals after refusal of the Commonwealth's attorney to act. In the Harrison case, the question of the sole jurisdiction of the Court of Appeals to entertain a disbarment proceeding was not raised or decided. Of the other authorities cited, all but three were decided prior to the enactment of the Integrated Bar Act. In each of those three cases, the disciplinary procedure originated with the Bar Association and was considered by the Court of Appeals alone. None of the cases cited by the respondent sustains either proposition that the circuit court now has authority to disbar or that the Court of Appeals does not have the sole authority to disbar.

▮ No one now questions the sole authority of the Court of Appeals to admit attorneys to the practice of law in the several courts of the Commonwealth. Only by having the authority to admit and to disbar in the same court can there be any orderly regulation or control. The regulation and control of the legal profession is a matter of public interest and concern as well as judicial administration. The power should be exercised uniformly so far as it is humanly possible. This would be impossible if every court in the Commonwealth should attempt to exercise the same authority and it would lead to interminable confusion. It is concluded that the Court of Appeals, acting through the State Bar Association as its agency, has the sole authority to disbar an attorney.

 The Campbell Circuit Court, acting through the respondent, has no jurisdiction to entertain or hear the information seeking the disbarment of the petitioner. To permit such proceeding would cause irreparable injury to the petitioner for which there is no adequate remedy other than the prohibition sought here. Jones v. Murphy, Ky., 314 S.W.2d 545.

Writ of permanent prohibition is granted.