**In re William Allen SHUMATE, Louisville, Kentucky.**

Court of Appeals of Kentucky.

Sept. 25, 1964.

PER CURIAM.

The respondent attorney was convicted of four counts of the offenses of embezzling money which came into his charge as Trustee in Bankruptcy of the United States District Court, Western District of Kentucky, and knowingly and fraudulently concealing money from the Trustee in Bankruptcy and from the creditors in the bankruptcy proceedings, in violation of 18 U.S.C.A. §§ 152, 153. Pursuant to the conviction, on his not guilty plea, respondent was sentenced to four separate terms of imprisonment of eighteen months each; the sentences were made concurrent by the order of the United States District Court.

This disciplinary proceeding was instituted pursuant to RCA 3.335. By the terms of the cited rule, the Board of Bar Governors of the Kentucky Bar Association afforded a hearing as to extenuation or mitigation of the acts for which the respondent was convicted. The Board has submitted its recommendation that respondent be permanently disbarred from engaging in the practice of law in Kentucky.

The record reflects that respondent reimbursed his successor Trustee in Bankruptcy in sums aggregating about $4,700 to fully cover shortages in accounts. Respondent presented evidence of his own illness and of defalcations by a former employee of his office. These matters were considered by the Board and by this Court. However, the response is not deemed sufficient in light of the fundamental requirement for absolute integrity required for continued entitlement to engage in the practice of law. It is observed that respondent by no means attempts to prove that all of the $4,700 shortage was occasioned by the misdeeds of others. Respondent's unexplained absence from his usual abode, shortly after the fact of his shortage came to light, dispels his claim of personal innocence. The judgment of conviction forecloses inquiry into the merits of his guilt or innocence. In re Rudd, 310 Ky. 630, 221 S.W.2d 688. It may not be debated that "moral turpitude" is inherent in the felony conviction of this respondent. The presence here of "moral turpitude" distinguishes the case at bar from Kentucky State Bar Association v. McAfee, Ky., 301 S.W.2d 899, and Kentucky Bar Association v. Brown, Ky., 302 S.W.2d 834.

The recommendation of the Board is confirmed, and respondent William Allen Shumate is hereby disbarred from further engaging in practice of law in Kentucky.