In re Karl E. ROTHROCK.

Court of Appeals of Kentucky.
Oct. 7, 1966.

Charles S. Cassis, Frankfort, for complainant.

Karl E. Rothrock, pro se.

PER CURIAM.

On July 27, 1961, the respondent attorney, Karl E. Rothrock, pleaded guilty to an indictment charging him with five counts of forgery and was sentenced to three years' confinement in the penitentiary. He served one year of the sentence before being placed on parole. On July 16, 1965, the Kentucky State Bar Association filed charges of unethical and unprofessional conduct against him.

■ Following proceedings pursuant to RCA 3.335, the Board of Governors of the Bar Association voted 8 to 3 to find respondent guilty of unethical conduct, and by another 8 to 3 vote recommended to this Court that he be permanently disbarred. Respondent now contends that the eight members who voted in favor of finding him guilty and of recommending he be disbarred did not constitute the majority required by RCA 3.420 for such action. That rule requires "a majority of all members of the Board then holding office" to agree before

a finding of guilt and a proposed disciplinary action may be presented to this Court. However § 4 of the by-laws of the Kentucky State Bar Association provides in pertinent part:

"(a) The Board shall consist of two members of the bar from each Appellate District of the State, the President, and Chairman of the House."

and § 7 provides that the Chairman of the House may vote "in all affairs of the Board *except disciplinary matters*." Hence it appears that while the Board consists of 16 members for the transaction of most business, it has only 15 voting members in disciplinary proceedings. RCA 3.420 which deals only with disciplinary proceedings necessarily refers only to voting members when it requires a majority of the members for action. Consequently eight votes were sufficient to permit the Board to act in this case.

■ Respondent next contends that since four years elapsed between his conviction and the filing of these charges he should not be disbarred. Disciplinary proceedings should be handled as promptly as practicable (RCA 3.190). While the delay in instituting this proceeding is regrettable it does not preclude the taking of disciplinary action.

■ Finally, respondent asks that we decline to disbar him because there is evidence that he is becoming a useful and valuable member of society. However, his premeditated acts in violation of this state's law involve moral turpitude and tend to cast a shadow on the integrity of the members of our Bar. In re Shumate, Ky., 382 S.W. 2d 405. We agree with the Board of Governors that it would be unwise to permit his remaining a member of this honorable Association.

The recommendation of the Board of Governors is confirmed and respondent Karl E. Rothrock is disbarred from further engaging in the practice of law in Kentucky.