**KENTUCKY STATE BAR ASSOCIATION, Complainant,**

v.

**Charles E. LESTER, Jr., Respondent.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Rehearing Denied March 31, 1969.

John B. Breckinridge, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Frankfort, for complainant.

Thomas F. Marshall, Frankfort, Lawrence Riedinger, Jr., Charles Bruce Lester, Newport, for respondent.

PER CURIAM.

This disciplinary action is before the court upon presentation by the Board of Governors of the Kentucky State Bar Association by which a recommendation has been made that the respondent, Charles E. Lester, Jr., be disbarred permanently. Respondent has been convicted in the United States District Court, Eastern District of Kentucky, of a violation of 18 U.S.C. Section 371, based upon the charge that he and others conspired together to violate 18 U.S.C. Section 242, by willfully depriving one George W. Ratterman of certain rights guaranteed to him by the United States Constitution; namely, the right not to be deprived of liberty without due process of law, the right to be free from arrest by an officer acting without legal justification, and the right to equal protection of the law. Included in the charge upon which respondent was convicted was the allegation that: "It was the plan and purpose of the conspiracy that [the three defendant police officers] * * *, while acting * * * under color of law, would arrest and imprison George W. Ratterman, charge him with a violation of law, and cause his conviction, all knowing him to be innocent."

On appeal the judgment of conviction was affirmed by the United States Court of Appeals for the Sixth Circuit. See United States v. Lester, 363 F.2d 68. The pertinent facts involved in that conviction are sufficiently recited in United States v. Lester, supra, and will not be reiterated, except to summarize by stating that respondent was charged to have conspired to "frame" Ratterman under peculiarly unsavory circumstances and in a course of conduct at complete odds with the high standard of integrity, respect for law, and honor demanded of any reputable lawyer. The offense of which respondent was convicted is not a felony, and the Bar Associa-

tion did not undertake its disciplinary proceeding on the basis of conviction of crime, but upon the basis of such gross unprofessional conduct as demonstrated the respondent's lack of the integrity and moral character requisite for his continuing as a practicing Kentucky lawyer.

The Bar Association relied upon the voluminous records compiled in the federal prosecution, supplemented by records made in a police court and before a state grand jury. Respondent insists that he is completely innocent of the charges of which he was convicted and undertakes to show that there was really no basis for his conviction in the federal court. Even if we were disposed to reassess the criminal charge of which respondent was convicted, it seems apparent that the evidence presented against him was sufficient to sustain the conviction. It is manifest, however, that the conviction forecloses further inquiry into the issue of respondent's guilt or innocence of the offense. See In re Carroll, Ky., 406 S.W.2d 845; In re Shumate, Ky., 382 S.W.2d 405. We recognize that in each of the just-cited cases the disbarment was because of conviction of felony, but we believe the rationale of those decisions is applicable here insofar as the issue of guilt or innocence of the crime is concerned. It follows that the Board was abundantly warranted in recommending disbarment of respondent by reason of his conviction based on conduct so flagrantly violative of even the ethical standards of the lay public, to say nothing of the much higher ethical standards demanded ot the legal profession. It is patent that a lawyer who would aid or counsel in faking a criminal charge lacks the bare minimum of integrity—a lawyer must possess character far above such a minimum.

Respondent complains that he and his counsel were summarily denied the right to inspect the Board's file relating to the investigation of the charges against him in contravention of RCA 3.180 as it existed at the time respondent's motion to inspect was made. After this cause had been submitted in this court, we required the Bar Association, on the court's own motion, to make available its file for inspection by respondent and his attorneys. We further permitted additional time for submitting arguments in behalf of respondent, looking toward demonstration that his rights had been prejudiced by the Board's earlier noncompliance with RCA 3.180. The brief filed by respondent touching this point fails to suggest any manner in which the respondent's substantial rights may have been prejudiced by the Board's denial of respondent's request to inspect the file. We regard it as regrettable and inexcusable that the Board summarily denied respondent's timely motion to inspect the file, as RCA 3.180 clearly afforded him that right. If there were a suggestion of prejudice to respondent's substantial rights resulting from the Board's own disregard of this court's rules, we would have no hesitancy in affording respondent such relief as might appear appropriate. However, we are unable to fathom any respect in which it may be said that respondent was prejudiced by the Board's action, and for this reason the error of the Board must be deemed harmless error.

The recommendation of the Board of Governors of the Kentucky State Bar Association is confirmed, and the respondent, Charles E. Lester, Jr., is disbarred.

All concur except MILLIKEN, J., who did not participate in the decision of this case.