KENTUCKY STATE BOARD OF MEDICAL LICENSURE, Appellant,

v.

Nabil Nashed GHALI, M.D., Appellee.

Court of Appeals of Kentucky.

Dec. 12, 1986.

R. Thomas Carter, Louisville, for appellant.

Richard R. Slukich, Covington, for appellee.

Before CLAYTON, COMBS and DYCHE, JJ.

COMBS, Judge.

This appeal is from an order of the Jefferson Circuit Court reversing and remanding an order of the Kentucky Board of Medical Licensure [Board] revoking the medical license of Nabil Nashed Ghali, M.D. [Ghali]. In reversing, the lower court found that the Board had abused its discretion and had denied Ghali the right to be present when evidence was presented against him. We disagree and reverse.

On January 21, 1983, the State Board of Medical Licensure issued a Complaint against Ghali charging that he had been convicted of four counts of unlawful transaction with a minor in violation of KRS 530.070, in the Campbell District Court on November 10, 1982. The Complaint charged that said conviction was cause for revocation of Ghali's license pursuant to KRS 311.595(4), (8), (11), and that such acts are dishonorable, unethical and unprofessional under the statute pursuant to KRS 311.597(3), (4).

A hearing was held before the Hearing Officer of the Board on April 26, 1983. The Board and Ghali were represented by counsel at the hearing. A certified copy of the judgment of conviction in the Campbell District Court was filed, without objection, as an Exhibit. The Board introduced tapes of the district court proceedings, over Ghali's objection. The Hearing Officer allowed the tapes to be introduced but allowed Ghali time to brief the issue on whether they could be introduced as substantive evidence. No brief was filed on behalf of Ghali. Relying upon the cases of *In re Rudd*, 310 Ky. 630, 221 S.W.2d 688 (1949); *In re Carroll*, Ky., 406 S.W.2d 845 (1966); *In re Shumate*, Ky., 382 S.W.2d 405 (1964); *Kentucky State Bar Association v. Lester*, Ky., 437 S.W.2d 958 (1968), the Hearing Officer was of the opinion that the testimony in the criminal case was outside the Board's jurisdiction. He felt that consideration of this testimony would be tantamount to a collateral attack upon the conviction, and that the matter of competency and relevancy was an issue properly addressed by the Campbell District Judge.

The Hearing Officer then ruled that the tapes would not be considered by him during the proceedings.

The Hearing Officer then considered the testimony of the young victim's mother, and that of Ghali, whose testimony consisted primarily of denial. After hearing all the evidence the Hearing Officer found as facts:

(1) Ghali was convicted in the Campbell District Court on four counts of unlawful transaction with a minor in violation of KRS 530.070 and that said convictions constituted Class A misdemeanor punishable by fines up to $500.00 for each count and imprisonment not exceeding twelve months.

(2) Ghali acted as a physician for the infant when he signed her immunization certificate on August 21, 1982 and on August 30, 1982, when he forwarded a letter to Dr. Levenson referring the child to Dr. Levenson's care and that he was acting as the child's physician when he checked her knees for swelling.

(3) Ghali's conviction resulted from the court's finding that he *knowingly induced, assisted or caused* the ... child to engage in illegal sexual activity.

The Hearing Officer concluded that Ghali's conviction substantiated that he engaged in dishonorable, unethical and unprofessional conduct of a character likely to deceive, defraud or harm the public or any member thereof in violation of KRS 311.-595(8). He noted that Ghali's conviction was appealed to the Campbell Circuit Court on the basis of sufficiency of the evidence and other legal matters. He then recommended that Ghali be suspended from the practice of medicine until the appeal was finally terminated. He further recommended that should the conviction be sustained that Ghali's license be permanently revoked and that if the conviction be reversed that Ghali be placed on strict probation pending the termination of the criminal action.

Ghali filed objections to the Hearing Officer's findings of fact and conclusions of law wherein he contended that the evidence

failed to show that he was convicted of a misdemeanor involving moral turpitude. He then argued that KRS 530.070 was broad and did not necessarily show that one was guilty of a crime perpetrated with the use of fraud and deception or that actions constituting violation of the statute involved moral turpitude and that the Board was left to guessing in determining what portions of the statute were violated. He further contended there was insufficient evidence that the acts were performed in connection with his medical practice.

Thereafter, the Board entered an order directing the Hearing Officer to review the tapes and the transcript of the trial resulting in Ghali's conviction "for the offense of unlawful transaction with a minor to determine the nature of respondent's [Ghali] conduct upon which the conviction is based." The order further directed him to file supplemental findings and conclusions. Ghali did not voice any objection to the Board's order directing the Hearing Officer to listen to the tapes.

Pursuant to the order of remand the Hearing Officer reviewed the tapes of the proceedings in the Campbell District Court in Case No. 83–J–854, 83–J–855, 83–J–856, 83–J–857 and 83–J–858 styled "Commonwealth of Kentucky v. Dr. Nabil Ghali." He then noted that the fourteen-year-old infant female was the principal witness; that though she had been a virgin prior to August of 1982 that on August 2nd she was at the doctor's home and the doctor took her clothes off and laid her on the bed and penetrated her vagina with his penis. Again on August 20th, August 29th and early September he made further sexual contact with her. Dr. Mary Billermayer testified that she took a history from the infant and made a physical examination. According to Dr. Billermayer's testimony there was evidence of infrequent intercourse, principally a recently torn hymen. There was also evidence that Ghali had made improper contact with other girls twelve years old and under.

The learned B. Frank Radmacher, III, Hearing Officer, concluded his report to the Board by stating:

> The above evidence accurately determines the four sexual encounters to which ... testified. Those four incidents are the four incidents for which Dr. Ghali was convicted in the Campbell District Court.

On November 17, 1983, the Board entered an order accepting all the "findings and conclusions of the Hearing Officer and orders that the license to practice medicine in the Commonwealth held by Nabil Nashed Ghali, M.D. be and is hereby revoked, effective as set forth by law."

 The statute under which Ghali had been convicted covered numerous illegal acts some of which would not necessarily constitute a violation of KRS 311.-597(3), (4). The Board is not required to follow strict procedures and rules of evidence in gathering evidence needed to help it reach a decision. *Bandeen v. Howard,* Ky., 299 S.W.2d 249 (1957). The Board ordered the Hearing Officer to listen to the tapes only, "to determine the nature of respondent's conduct upon which the conviction is based." Upon receiving the supplemental report, the nature of appellee's "unlawful transaction with a minor" became quite apparent. The Board then ruled that his misconduct constituted a violation of KRS 311.595(8) and revoked his license.

The issue before the board was not whether Ghali was guilty of the crime of sexually assaulting a fourteen-year-old girl, but whether his conduct upon which the conviction was based constituted unprofessional conduct in violation of the statute. We agree with the Hearing Officer that Ghali had no right to relitigate the matter heard by the District Court. Ghali had his "day in court" and therefore, he had no right to a "full-blown" hearing since neither party to the proceeding could relitigate the evidence on the tapes. *City of Louisville v. McDonald,* Ky., 470 S.W.2d 173 (1971).

The order of the Jefferson Circuit Court is reversed and remanded with directions to reinstate and affirm the order of the Board of Medical Licensure revoking Ghali's license.

All concur.