TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0103-KB

IN RE: TIMOTHY LEE NOLAN

IN SUPREME COURT

## OPINION AND ORDER

This matter comes before the Court on Timothy Lee Nolan's Motion to Resign under Terms of Permanent Disbarment made pursuant to Kentucky Supreme Court Rules (SCR) 3.480(3). Nolan's Kentucky Bar Association (KBA) Member Number is 51990 and his bar roster address is listed as 12786 Burns Road, California, Kentucky 41007. Nolan was admitted to practice law in the Commonwealth in 1973. Nolan is currently incarcerated at Northpoint Training Center, P.O. Box 479, Burgin, Kentucky 40310.

The KBA has filed a response to Nolan's motion expressing no objection and requesting that an order be entered sustaining his motion. Having reviewed the record and the underlying facts, we grant Nolan's motion for permanent disbarment.

## I. BACKGROUND AND PROCEDURAL HISTORY

In 2017, Nolan was indicted in Campbell County on a multitude of felony counts, most of which involved allegations of a sexual nature. The victims of some of the counts against Nolan were minors. Following negotiations with the prosecution, on March 8, 2019, Nolan entered guilty pleas to twenty-one

counts, reserving the right to challenge the constitutionality of Kentucky Revised Statute (KRS) 529.100, the human trafficking statute, which was the basis for some of the charges. The KBA had previously opened disciplinary proceedings against Nolan in Office of Bar Counsel (OBC) File 17-DIS-0133 and on May 24, 2018, Nolan was temporarily suspended from the practice of law pursuant to Supreme Court Rules (SCR) 3.166(1).

The twenty-one counts Nolan pled guilty to were comprised of: (a) four felony counts of Promoting Human Trafficking of a Minor—Commercial Sexual Activity; (b) one felony count of Unlawful Transaction with a Minor—Controlled Substance (pursuant to *North Carolina v Alford*, 400 U.S. 25 (1970)); (c) one felony count of Unlawful Transaction with a Minor Under 18—Controlled Substance; (d) eight misdemeanor counts of Criminal Attempt Human Trafficking of an Adult—Commercial Sexual Activity (one pursuant to *North Carolina v Alford*); (e) three felony counts of Human Trafficking—Commercial Sexual Activity; (f) one felony count of Unlawful Transaction with a Minor Under 16, Controlled Substance; (g) one felony count of Criminal Attempt Human Trafficking of a Minor—Commercial Sexual Activity (pursuant to North Carolina *v Alford*); (h) one misdemeanor count of Unlawful Transaction with at Minor, 3rd degree; and (i) one misdemeanor count of Prostitution.

Nolan's convictions were affirmed by the Court of Appeals in the unpublished decision in *Nolan v. Commonwealth*, 2022-CA-0232-MR, 2023 WL 3027861, at *1 (Ky. App. Apr. 21, 2023), which upheld the constitutionality of KRS 529.100. This Court denied Nolan's motion for discretionary review on

August 16, 2023. Nolan acknowledges in his motion "that he has exhausted all avenues for appellate relief at the state level."

Nolan is presently serving a total of twenty years in prison with additional five years conditional discharge upon expiration of his sentence. He was also ordered to pay a $10,000 Human Trafficking Victims Services Fee and reimburse $7,000 to Public Advocacy for his representation.

Nolan's crimes constitute violations of SCR 3.130(8.4)(b) which states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

In his motion for permanent disbarment, Nolan acknowledges that the conduct to which he pled guilty is sufficient to warrant permanent disbarment and that he desires to terminate all pending disciplinary proceedings by resigning under terms of permanent disbarment. Nolan also affirms his understanding that "he cannot be reinstated to practice from permanent disbarment, and the provisions of SCR 3.510 do not apply." He also asserts that upon entry of such an order, "he will never again engage in the practice of law in the Commonwealth of Kentucky."

## II. ANALYSIS

SCR 3.480(3) allows for Nolan's motion such that he may conclude all disciplinary actions pending against him by "withdraw[ing] his membership under terms of permanent disbarment."

3

In disciplinary proceedings, a criminal conviction "forecloses further inquiry into the issue of respondent's guilt or innocence of the [criminal] offense." *KBA v. Lester*, 437 S.W.2d 958, 959 (Ky. 1968). There can be no debate that the abusive, sexual, drug-related, conduct—involving minors—to which Nolan pled guilty, supports permanent disbarment. The conduct, and totality of such conduct, is so sufficiently severe that nothing less than permanent disbarment is appropriate here.

### III. DISCIPLINE

Based on his convictions and his admissions of ethical violations, we agree that Nolan's motion to resign under terms of permanent disbarment is warranted and appropriate pursuant to SCR 3.480(3) and, therefore, the Court sustains his Motion to Resign under Terms of Permanent Disbarment and ORDERS:

1. Timothy Lee Nolan, KBA Member No. 51990, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. Pursuant to SCR 3.390, Nolan shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Nolan shall immediately cancel and cease any advertising activities in which he is engaged; and

3. In accordance with SCR 3.450, Nolan shall pay all costs certified by the KBA in these proceedings, said sum being $121.05, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting.  All concur.

ENTERED:  April 24, 2024

_____
CHIEF JUSTICE