TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0058-KB

IN RE: DOUGLAS TRENT HAWKINS

IN SUPREME COURT

## OPINION AND ORDER

This matter comes before the Court on Douglas Trent Hawkin's Motion to Resign under Terms of Permanent Disbarment made pursuant to Kentucky Supreme Court Rules (SCR) 3.480(3). Hawkins' Kentucky Bar Association (KBA) Member Number is 94675 and his bar roster address is listed as 1795 Alysheba Way, Suite 7105, Lexington, Kentucky, 40509. Presently, Hawkins is incarcerated at Ashland Federal Correctional Institute, State Route 716, Ashland, Kentucky 41105.

The Kentucky Bar Association has filed a response to Hawkins' motion expressing no objection and requesting that an order be entered sustaining his motion. Having reviewed the record and the underlying facts, we grant Hawkin's motion for permanent disbarment.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 8, 2021, an indictment was filed against Hawkins in the United States (U.S.) District Court, Eastern District of Kentucky. *United States of America v. Douglas Hawkins*, Case No. 5:21-CR00110. The indictment alleged one count of investment advisor fraud in violation of 15 United States

Code (U.S.C.) § 80b–6 (Count 1); one count of securities fraud in violation of 15 U.S.C. § 78j(b) (Count 2); and two counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts 3 and 4).

The allegations in the indictment constituted violations of SCR 3.130(8.4)(b) which states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects," and SCR 3.130(8.44)(c) which states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Based upon the federal indictment, the KBA filed charges against Hawkins' in KBA File No. 21-DIS-0201.

On January 30, 2023, Hawkins received a jury trial and on February 3, 2023, he was found guilty on all charges. On May 11, 2023, Hawkins was sentenced to 60 months of imprisonment for Count 1, 120 months for Count 2, 120 months for Count 3, and 120 months for Count 4, all to run concurrently.

Following his convictions, on February 4, 2023, Hawkins was automatically suspended from the practice of law pursuant to SCR 3.166(1).

Hawkins appealed his federal convictions and his appeal was ultimately denied by the United States Court of Appeals for the Sixth Circuit. *United States v. Hawkins*, 23-5479, 2024 WL 1956214 (6th Cir. May 3, 2024) (unpublished).

Following his conviction, the KBA initiated seven other disciplinary actions against Hawkins each concerning clients who had, following his

indictment but prior to his conviction, prepaid Hawkins for legal services which remained unperformed as of his incarceration. On December 8, 2023, six of those "client matters" were consolidated into File No. 23-DIS-0069. The six consolidated action were Files 23-DIS-0069 (King), 23-DIS-0098 (Juett), 23-DIS-0099 (Boone), 23-DIS-0119 (Garrard), 23-DIS-0149 (Osborne), and 23-DIS-0153 (Roberts). An additional client-related action was subsequently initiated in File No. 24-DIS-0008 (Hunt).[1]

In his motion for permanent disbarment, Hawkins states that he "acknowledges that his conduct that led to the U.S. District Court indictment and subsequent guilty verdict . . . constituted unethical conduct in violation of the Rules of Professional Conduct," and that he desires to terminate all pending disciplinary proceedings by resigning under terms of permanent disbarment. Hawkins also affirms his "understand[ing] that he cannot be reinstated to practice from permanent disbarment" and "will never again engage in the practice of law in the Commonwealth of Kentucky."

---

[1] Given his current incarceration and the length of his sentence, it would be ineffectual as a practical matter to order Hawkin's to pay restitution to his former clients. Regardless, this Court is sympathetic to Hawkins' clients, and fully appreciates their need for financial recompense, but we cannot order Hawkins to pay restitution since that sanction is not unavailable upon disbarment. *Kentucky Bar Ass'n v. Chesley*, 393 S.W.3d 584, 602 (Ky. 2013) ("our Supreme Court Rules do not allow for us to order restitution when a disciplinary action leads to a permanent disbarment").

## II. ANALYSIS

In disciplinary proceedings, a criminal conviction "forecloses further inquiry into the issue of respondent's guilt or innocence of the [criminal] offense." *KBA v. Lester*, 437 S.W.2d 958, 959 (Ky. 1968).

In *Huffman v. Kentucky Bar Ass'n*, 422 S.W.3d 230 (Ky. 2013), we noted that permanent disbarment was the near-routine sanction for gross financial misconduct. Later, in the money laundering matter of *Pepper v. Kentucky Bar Ass'n*, 632 S.W.3d 312 (Ky. 2021), we engaged in a review of prior cases involving criminal financial misconduct and noted that permanent disbarment is often the proper sanction when the circumstances involve a form of theft. *Id.* at 321; citing *Kentucky Bar Ass'n v. Goble*, 424 S.W.3d 423 (Ky. 2014), and *Kentucky Bar Ass'n v. Rorrer*, 222 S.W.3d 223 (Ky. 2007). Given the extent of the financial fraud alleged against Hawkins and the jury's finding of guilt, we agree that Hawkin's conduct otherwise warrants permanent disbarment.

SCR 3.480(3) allows for Hawkins's motion such that he may conclude all disciplinary actions pending against him by "withdraw[ing] his membership under terms of permanent disbarment."

## III. DISCIPLINE

Based on his convictions and his admissions of ethical violations, we agree that Hawkins's motion to resign under terms of permanent disbarment is warranted and appropriate pursuant to SCR 3.480(3) and, therefore, the Court sustains his Motion to Resign under Terms of Permanent Disbarment and Orders:

1. Douglas Trent Hawkins, KBA Member No. 94675, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. Pursuant to SCR 3.390, Hawkins shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Hawkins shall immediately cancel and cease any advertising activities in which he is engaged; and

3. In accordance with SCR 3.450, Hawkins shall pay all costs certified by the KBA in these proceedings, said sum being $294.15, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 20, 2025

_____
CHIEF JUSTICE

5